CASE 22.—ACTION BY FANNY BEVIS AGAINST THE VANCE-
BURG TELEPHONE COMPANY AND ANOTHER TO RE-
COVER DAMAGES FOR PERSONAL INJURIES.—October
10.

## Bevis v. Vanceburg Telephone Co., &c.

121   177
123   132

121   177
s132   386

Appeal from Lewis Circuit Court.

JAMES P. HARBESON, Circuit Judge.

Judgment for defendants. Plaintiff appeals. Re-
versed.

1. Telephones—Poles and Wires—Rights in Highways—Permits
—Jurisdiction of County Court—Under Ky. Stats. 1903, secs.
4306, 4679a, authorizing telegraph companies to use high-
ways on certain conditions, and declaring that the fiscal
court of each county shall have general charge of the public
roads and bridges, and shall prescribe rules and regulations
for repairing and keeping the same in order, etc., the county
court had no jurisdiction to grant a permit to a telephone
company to construct its poles and wires along a public
highway in the county, but application must be made to the
fiscal court.

2. Same—Obstructions—Nuisance—Injuries—Questions for Jury—
Where a telephone pole was erected in a highway out of line
with the other poles, and so that it left only 16 feet of
the traveled way free for vehicles, and plaintiff was injured
by the buggy in which she was riding being driven against
the pole at night, whether such pole was a nuisance, and
unauthorized by Ky. Stats. 1903, sec. 4679a, authorizing the
maintenance of telegraph lines along highways in such a
manner as not to obstruct the same, was for the jury.

3. Negligence—Contributory Negligence of Driver of Vehicle—
Imputation to Occupant—Where plaintiff was invited to ride
to a village at night as the guest of a friend, and was in-
jured by her friend's driving the vehicle against a telephone
pole which was improperly located in the highway, the
negligence of the driver, if any, was not imputable to
plaintiff.

vol. 121—12

THOS. R. PHISTER for appellant.

R. D. WILSON, ELMO DARRAGH and A. D. COLE of counsel.

## POINTS AND AUTHORITIES.

1. A passenger in a vehicle is not responsible for the contributory negligence of the driver. (Duvall v. C., C., L. R. R. Co., 134 N. C., 331, 101 Am. St. Rep., 830.)

2. A telephone pole · in the edge of the traveled part of a highway is an obstruction, and the question of negligence in placing it there is for the jury. (Sec. 4679, Ky. Stats.; Cin., I., P. R. R. Co. v. C. & S. Tel. Ass'n, 12 L. R. A., 534; Topeka Water Co. v. Whiting, 39 L. R. A., 90; Wyant v. Central Tel. Co., 47 L. R. A., 498; Cumberland Tel. Co. v. Avritt, 85 S. W., 204; Cohen, &c. v. Mayor of New York, 4 L. R. A., 406; C., C. & H. Turnpike Co. v. McIntire, 105 Ky., 185; Bank Lick T. R. Co. v. Broadus, 22 Ky. Law Rep., 827; Lawson on Rights and Remedies, vol. 3, sec. 1172; Joice on Electric Law, sec. 605; Buford v. L. & N. R. R. Co., 82 Ky., 278; Ill. Cen. R. R. Co. v. Jackson's Adm'r, 23 Ky. Law Rep., 1405; Ill. Cen. R. R. Co. v. Joe Ann Colly, April 19th, 1905; Thompson on Negligence, sec. 431; Cleveland v. City of Bangor, 87 Maine, 259, 47 Am. St. Rep., 335.)

W. ELMO DARRAGH for appellant.

R. D. WILSON and THOS. R. PHISTER of counsel.

## QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The negligence of third party does not exempt defendant from liability for injury caused by its negligence. (Brinkley, Catron & Co. v. Reed., 13 Ky. Law Rep., 686; Cahill v. Cincinnati, &c., Ry. Co., 92 Ky., 345; Koplitz v. City of St. Paul, 90 N. W. Rep., 794; Hydes Ferry Turnpike Co. v. Yates, 67 S. W. Rep., 69; 7 Am. & Eng. Ency. of Law, 448.)

2. The plea of contributory negligence is one of confession and avoidance, and allegations that the injuries complained of were duly and "solely" to the negligence and carelessness of the plaintiff, or caused through plaintiff's own fault and negligence, and not at all through any fault, omission or negligence of defendants, is not a plea of contributory negligence. (Owen & McKinney v. L. & N. R. R. Co., 87 Ky., 626; Ky. Cen. R. R. Co. v. Thomas' Adm'r, 79 Ky., 163; Ky. Cen. R. R. Co. v. Lebus, 14 Bush, 518; Newport, L. & A. Turnpike Co. v. Pirmann, 82 S. W. Rep., 976.)

3. A telephone company has no right to go upon the county

Bevis v. Vanceburg Telephone Co., &c.

roads without first securing permission from the fiscal court, and after making just compensation as required by the statute. (Ky. Stats., secs. 4306, 1840, 4679a; Postal Telegraph Cable Co. v. City of Newport, 25 Ky. Law Rep., 635; Cen. Union Telegraph Co. v. Folley, 10 Am. St. Rep., 131, and cases therein cited.

4. The court must not give a peremptory instruction when there is any evidence tending to establish plaintiff's case. (Dryden v. H. E. Pogue Distilling Co., 82 S. W. R., 262; Fugate v. City of Somerset, 16 Ky. Law Rep., 807; Elliott on Roads and Streets, 2 Ed., sec. 617; Eskridge's Ex'or v. The C., N. O. & T. P. Ry. Co., 11 Ky. Law Rep., 557; McFarland's Adm'r v. Harbison & Walker Co. [S. D.], 82 S. W. R., 430; Commonwealth v. Tate, 12 Ky. Law Rep., 1; Zeigler v. Robison, 12 Ky. Law Rep., 558; Shelby v. C., N. O. T. P. Ry. Co., 85 Ky., 224; Buford v. L. & N. R. R. Co., 82 Ky., 286; Sheffield v. Cen. Union Tel. Co., 36 Fed. Rep., 164.)

W. C. HALBERT, SAM'L J. PUGH and W. B. PUGH for appellees.

POINTS MADE AND AUTHORITIES CITED.

1. Chap. 125a, Ky. Stats., granting to incorporated telegraph companies the use of all highways in the State for the purpose of constructing, maintaining and operating lines of telegraph thereon, subject to the conditions imposed therein, confers the same privileges upon incorporated telephone companies, although not specifically named in the act, the word telegraph including the telephone in the absence of any intent shown in the act to exclude telephone companies, there being none shown in the act. (2 Bouvier's Dic., Rawel's Ed., 1104; State v. Central New Jersey Tel. Co., 53 New Jersey, 341; Wisconsin Tel. Co. v. City of Oshkosk, 62 Wis., 32; Roberts v. Wisconsin Tel. Co., 77 Wis., 589, 20 Am. St. Rep., 143; Chesapeake & Potomac Tel. Co. v. Baltimore & Ohio Tel. Co., 66 M., 338, 59 Am. Rep., 167; Franklin v. N. W. Tel. Co., 69 Iowa, 9; Hudson River Tel. Co. v. Railway Co., 135 N. Y., 393, 31 Am. St. Rep., 842; Cincinnati, &c., Ry. Co. v. Tel. Ass'n, 48 Ohio St., 390, 29 Am. St. Rep., 563; Attorney General v. Edison Tel. Co., 6 Q. B. D., 244; Cumberland Tel. Co. v. United Electric Ry., 42 Fed. Rep., 273.)

2. The State of Kentucky is now, and always has been, the owner of the ordinary highways of the State, and the Legislature has the full control over them, and the act of March 19, 1898, was, and is, a valid exercise of legislative power over such highways. (Bradbury v. Walton, &c., 94 Ky., 166; Ruttle v. City of Covington, &c., 10 Ky. Law Rep., 767, 15 Ky. Law Rep., 417; Wilson v. Midway and Scott Co. T. R. Co., Superior Ct., 4 Ky.

Law Rep., 727; Elliott on Roads and Streets, 2 Ed., sec. 9; 27 Am. & Eng. Ency. of Law, 2 Ed., 1008; Gilman v. City of Philadelphia, 3 Wall., 713, 18 Law Ed., 96; Escanba, &c., Trans. Co. v. City of Chicago, 17 Otto, 678, 27 Law Ed., 445; Miller v. Mayor, &c., of New York, 109 U. S., 385, 27 Law Ed., 971.)

3. The State may at pleasure withdraw its grant and require its grantees to remove their structures from the limits of the way, or place same in conduits underneath the way, and without compensation for the resulting financial injury to the grantee of the privilege. (American Rapid Tel. Co. v. Hess, 125 N. Y., 641, 21 Am. St. Rep., 764.)

4. Whether the construction of a telephone or telegraph line on the highway is or is not an additional servitude, which entitles the owner of the fee in the way to compensation, is not at all involved in this case, as there is no proof that he has not settled the matter; and at any rate, as he is not complaining, the appellant's rights in the way are not enlarged by reason of the possibility of such claim in the land owner.

5. There is no inhibition in the present Constitution upon the Legislature of the State as to the highways of the State except over the streets of incorporated cities, and sec. 163 of Constitution applies, and was intended to solely apply, to streets of such cities. (2 vol. Con. Debates, 2948 and 2849; Constitution, sec. 163.)

6. The act of Reynolds and his associates in laying off the streets and approaches of Stone City and the town lots therein, and recording such plat upon the proper records of the Lewis County Court and subsequently selling numerous lots in the town, was a valid dedication of the streets and ways to the public, and the subsequent use of such way by the public since 1889, when the map was recorded, without objection from Reynolds & Co., is sufficient to dedicate the way in controversy and show that at the point where the accident to appellant occurred the way was 40 feet wide. (Newport v. Taylor, 16 Ben Mon., 803; Wickliffe v. Lexington, 11 B. Mon., 162; Hall v. McLeod, 2 Met., 104; Ellison, &c. v. City of Louisville, &c., 17 Ky. Law Rep., 593; Riley v. Buchanan, 76 S. W., 527.)

7. The fiscal courts, while created by the existing Constitution, sec. 144, were not endowed by that instrument with any interest or control of the highways of the State—in fact no jurisdiction was vested in them over anything by the Constitution makers, leaving the Legislature to confer such jurisdiction as it deemed should be given—and whatever authority the fiscal court has over the State's highways is solely derived by reason of legislation enacted by the Legislature; and the fiscal courts, as to such matters, is simply a subordinate agency of the State

Bevis v. Vanceburg Telephone Co., &c.

government, which the power creating it has the right to remove, limit the powers given or change at its pleasure. (Constitution, sec. 144.)

8. Chap. 52, of which sec. 1840 is a part, was passed October 17, 1892, chap. 110, which includes sec. 4306, was passed March 10, 1894, and chap. 125a was passed March 19, 1898. If there was any conflict between these several acts of the Legislature, which there is not, the last expression of the legislative will would be the law.

9. The State owning the ordinary highways within its limits, the Legislature has the right to control them, and when it has granted the use of a portion of its ways to a telegraph or telephone company, and the grantee has placed its structures in the way in compliance with the terms imposed in the grant, the structures are lawful, and no action will lie against the grantee for damages as would be the case if the structures were a nuisance. (15 Am. & Eng. Ency. of Law, 2d Ed., 495; Chesapeake & Potomac Tel. Co. v. McKensie, 74 Md., 36, 28 Am. St. Rep., 225; Roberts v. Wisconsin Tel. Co., 77 Wis., 539, 20 Am. St. Rep., 143; Gilman v. Philadelphia, 3 Wall., 713, 18 Law Ed., 96; Miller v. Mayor of New York, &c., 27 Law Ed., 971.)

10. It is a matter of common knowledge that ordinary telephone poles or lines along the side of a country road—40 feet wide—rarely, if ever, appreciably interfere with public travel and use of the way. (Carter v. Northwestern Tel. Co., 60 Minn., 539, 51 Am. St. Rep., 547; Roberts v. Wisconsin Telephone Co., 77 Wis., 589, 20 Am. St. Rep., 143.)

11. The appellee's post or pole in question, located within 26 inches of the edge of the way and one foot thick, making east edge of pole 38 inches from west margin of way, was not the proximate cause of the injury to the appellant. An ordinary buggy being four feet and eight inches wide, it is a matter of certainty that if the post had been set over two feet towards the west edge of road that the left railing or side of the buggy would have hit it instead of the right, and the resulting injury to appellant would have occurred anyhow. (1 Sherman & Redfield on Neg., 5th Ed., secs. 25, 26; 21 Am. & Eng. Ency. of Law, 2d Ed., 485; Anderson v. Schurke, 121 Iowa, 340, 100 Am. St. Rep., 385; Carroll's Adm'r v. City of Louisville, &c., 24 Ky. Law Rep., 1888; Shields, &c. v. L. & N. R. R. Co., 97 Ky., 103; Patch v. City of Covington, 17 Ben Mon., 722; Bailey v. C., N. O. & T. P. Ry. Co., 14 Ky. Law Rep., 226; Lockridge v. Fesler, &c., 18 Ky. Law Rep., 469; Frank v. Head, &c., 19 Ky. Law Rep., 1128.)

12. It is the settled doctrine of this court that a peremptory instruction is proper where the evidence fails to show any negligence on the part of defendant, or negligence tending to con-

nect the defendant with the injury complained of. (Reed v. Covington & Cin. Bridge Co., 16 Ky. Law Rep., 381; Morris' Adm'r v. L. & N. R. R. Co., 22 Ky. Law Rep., 1596; L. & N. R. R. Co. v. Humphrey's Adm'r, 20 Ky. Law Rep., 642; Louisville Gas Co. v. Kaufman, Straus & Co., 20 Ky. Law Rep., 1069; Carroll's Adm'r v. City of Louisville, &c., 25 Ky. Law Rep., 1888; Buey's Adm'x v. Chess & Wymond, 84 S. W., 563; 21 Am. & Eng. Ency. of Law, 2 Ed., 504.)

13. In a case strikingly similar in its facts to the present case the Supreme Court of Wisconsin held that no cause of action was stated against the telephone company. (Roberts v. Wisconsin Telephone Co., 77 Wis., 589, 20 Am. St. Rep., 143.)

OPINION BY JUDGE SETTLE—Reversing.

As appellant, Fanny Bevis, in company with Miss Warring, was driving along the public highway in the buggy of the latter from Union Church to the village of Garrison, in Lewis county, the buggy was overturned by coming in collision with a telephone pole; the occupants thrown out, and appellant seriously injured. She brought suit in the circuit court against appellees, the Vanceburg Telephone Company and B. A. Bonniville, to recover of them damages for the injuries thus sustained by her, upon the ground, as set forth in her petition, that the telephone pole, which caused her injuries and was owned by appellee telephone company, had been negligently and without right erected by appellees in the public highway, and was by them wrongfully and negligently continued and maintained therein, in violation of the rights of the traveling public, and that as thus located and maintained the telephone pole greatly interfered with the use of the public road by persons traveling the same, endangered their safety, and by reason thereof was and is a common nuisance. The answer of appellees traversed the affirmative allegations of the petition, and in addition averred that the telephone pole was erected

and maintained in the public road by permission of the Lewis County Court, and under the authority conferred by sec. 4679a, Ky. Stats. 1903, and, further, that appellant's injuries were caused solely by her own negligence, or that of her traveling companion, Miss Warring. Upon the trial of the case the lower court at the conclusion of appellant's evidence peremptorily instructed the jury to find for appellees, which they accordingly did, following which, judgment was entered dismissing the action, and of this judgment and the refusal of the lower court to grant her a new trial appellant now complains.

It appears from the bill of evidence that appellant, who is a teacher, on the evening of receiving her injuries attended a teachers' meeting at Union Church, and at its close was invited by Miss Warring to ride with her in her buggy to Garrison, which invitation she accepted. They left the church about 10 o'clock in the evening. The night was dark, and as they were driving along at a reasonable rate of speed the buggy struck the telephone pole, with the result already stated. The pole was set in the road or traveled way from 2 1-2 to 3 1-2 feet from the side or edge of the road; and as, according to the weight of the evidence, the road at that point was only 20 feet wide, the telephone pole left about 16 feet of the traveled way free for vehicles. On the opposite side of the road, and a little north of the pole, stood a large oak tree. Between the pole and fence on the west side of the road was a space of about 7 feet, including a low place or shallow ditch, which was frequently used by horsemen in traveling the highway. It is not altogether clear whether, at the time of the collision of the buggy with the telephone pole, the horse was trying to pass between the pole and the adjacent fence or not,

though such was probably the case. It is conceded in argument that the peremptory instruction was given by the trial court upon the idea that the appellee telephone company had the right to erect and maintain its poles in the public highway by virtue of the provisions of sec. 4679a, Ky. Stats. 1903, which allows such highways, upon the payment of just compensation therefor, to be so used by telegraph companies: "Provided, that the posts, arms, insulators and other fixtures of such telegraph lines be erected and maintained in the usual manner of constructing, operating and maintaining telegraph lines on, or along and upon the right of way of railroads and on, across and along the highways and across and under navigable waters, and in such manner as not to interfere with the ordinary use, or the ordinary travel and traffic on such highways, railroads, or waters, or that of any other telegraph line already constructed." * * *

Sec. 4306, Ky. Stats. 1903, provides: "The fiscal court of each county shall have general charge and supervision of the public roads and bridges therein and shall prescribe necessary rules and regulations for repairing and keeping same in order, and for the proper management of all roads and bridges in said county, under and subject to the provisions of this act." * * *

In Cumberland Telephone & Telegraph Company v. Avritt, 120 Ky., 34, 85 S. W., 204, 27 Ky. Law Rep., 394, it was held by this court that the building of a telephone line upon a public highway imposes no additional servitude; but, while this is true, a telephone company may not so use a highway with its poles as to obstruct or make dangerous its use to the traveling public. The Lewis County Court had no jurisdiction or power to authorize the use of the

Bevis v. Vanceburg Telephone Co., &c.

highway by appellee's poles or wires, and it does not appear that appellee obtained of the fiscal court of Lewis county the right to occupy the public road in question with its poles, and the right given it by sec. 4679a, supra, to do so, is subject to the power conferred upon the fiscal court by sec. 4306 to impose the rules and regulations under which it shall so use the highway. The statute, therefore, contemplates that the consent of the fiscal court must be obtained.

But, conceding, for the sake of the argument, that appellees are right in their contention that telephone companies, under sec. 4679a, are given the same rights that are conferred upon telegraph companies, and that it was unnecessary for appellee company to obtain the consent of the fiscal court to its use of the highway in question, it nevertheless had no right, in its use of the highway, to so erect its poles as to interfere with or render dangerous the use thereof by the public for purposes of travel, but could do so only "in such manner as not to interfere with the ordinary use or the ordinary travel and traffic on such highways." * * *

As said in Wyant v. Central Telephone Co. (Mich.), 81 N. W., 928, 47 L. R. A., 498, 81 Am. St. Rep., 155: "We may take judicial notice that poles must be set near the side of the street or road, and that they are generally outside of the curb or ditch line, and therefore necessarily in line with the trees."

In Cohen's Adm'rs v. Mayor of New York (N. Y.), 21 N. E., 700, 4 L. R. A., 406, 10 Am. St. Rep., 506, on the subject of obstructions in highways, it is said: "It is no answer to the charge of nuisance that, even with the obstruction in the highway, there is still room for two or more wagons to pass, nor that the obstruction itself is not a fixture. If it is per-

manently, or even habitually, in the highway, it is a nuisance." * * *

There is always reasonable ground for apprehending accidents from obstructions to a public highway, and any person who wrongfully places them there, or aids in so doing, must be responsible for such accidents as occur by reason of their presence. In the case at bar appellees admit putting the telephone poles in the highway. The proof shows it is out of line with their other poles, and is the only one that occupies the highway. Its presence in the road may not in the daytime imperil the safety of persons traveling the highway; but at night, and in the dark, there can be no question of danger therefrom to those upon the highway, and at all times it must be regarded as an obstruction to the highway. At any rate, whether it was an obstruction dangerous to those traveling the highway, and in consequence thereof a nuisance, was a question to go to the jury; and, under the testimony, it should have been allowed to do so.

There was no proof of negligence on the part of appellant or the driver, Miss Warring; but, if there were proof of negligence on the part of the latter, it is not to be imputed to appellant. In our view of the law the peremptory instruction was improper.

Wherefore the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with the opinion.