CASE 44—ACTION BY FANNY L. BEVIS AGAINST THE
         VANCEBURG TELEPHONE COMPANY FOR IN-
         JURY IN DRIVING AGAINST A TELEPHONE POLE
         IN A HIGHWAY.—November 19, 1908.

# Bevis v. Vanceburg Telp. Co

Appeal from Lewis Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for defendant.    Plaintiff appeals—Reversed.

1. Negligence—Contributory Negligence—Burden of Proof.—Contributory negligence is matter of defense, as to which defendant has the burden of proof, though plaintiff unnecessarily pleaded that she was injured while in the exercise of due care, and this is traversed.

2. Negligence—Instructions.—An instruction which requires, for a recovery by plaintiff, that the jury find, not only actionable negligence by defendant, but also that plaintiff was in the exercise of ordinary care for her safety, is erroneous, as her failure to exercise ordinary care, unless the proximate cause of the injury, would not defeat recovery.

3. Appeal and Error—Review—Prejudicial Error—Instructions.—Where there was no evidence of contributory negligence, but there was some evidence that the person with whom plaintiff was riding was driving fast, and the jury may have inferred from this that plaintiff was not exercising ordinary care for her safety, by not controlling or attempting to control the actions of her companion, error in requiring the jury to find, as a condition to recovery, that plaintiff was in the exercise of ordinary care for safety, was prejudicial.

4. Damages—Punitive Damages.—There is no ground for punitive damages, where one is injured by driving into a telephone pole in the side of a road.

W. ELMO DARRAH, THOS. R. PHISTER, R. D. WILSON and
A. D. COLE, for appellant.

W. C. HALBERT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Reversing.

On a former appeal of this case the opinion states
the facts as then appearing and the law applicable
to them. As the case then went off on a peremptory
instruction, the plaintiff's case only appeared. Bevis
v. Vanceburg Telephone Company, 121 Ky. 182, 89
S. W. 126, 28 Ky. Law Rep. 142. On a return of the
case the issue was submitted to the jury, resulting in
a verdict and judgment for appellee.

The case is, briefly summarized, that Miss Bevis,
while driving in the night time along one of the public
roads of Lewis county, was severely injured by the
buggy's running against one of appellee's poles, which
was situated in the road, and it is claimed so far out
in or near the traveled way as to imperil persons
using the highway when driving vehicles by that point.
It may be conceded that the presence of the telephone
pole was a nuisance, in the nature of a purpresture.
Appellant did not know of its existence. Her com-
panion, who was driving the buggy, and who had en-
tire control of it for the purposes of the trip, is not
shown to have been aware of the situation of the pole.
In attempting to drive around and pass a buggy ahead
of them, the horse was pulled to one side of the road,
whereby the buggy was brought into contact with the
pole, throwing appellant out, and injuring her as
stated. In the former opinion it was said that the
driver's negligence, if there was any, was not to be
imputed to appellant. There is no evidence of appel-

lant's negligence in the matter, as the term "negli-
gence" is used in law.  There was some evidence that
appellant's companion was driving rapidly, but not
necessarily recklessly.  Except for the presence of
the telephone pole, there is no reason to believe any
bad result would have ensued from it, and not then,
except for the buggy in front, which it was attempting
to pass.  There is not negligence in the mere fact that
the driver of one buggy may desire and attempt to
drive faster than the one ahead going the same way.
One may in a hurry, properly so, and the other not.

There was a plea of contributory negligence; but,
as there was not evidence to support it, the trial court
did not instruct the jury on that score.  The court did
instruct the jury, however, that, before the plaintiff
was entitled to recover a verdict, they should believe
from the evidence that the plaintiff was herself in
the exercise of ordinary care for her own safety, in
addition to believing the establishment of the various
ingredients of actionable negligence on the part of the
defendant.  The question is whether the interpolation
of the condition as to plaintiff's exercising due care
for her own safety was proper, and if not, whether
it was prejudicial.  In this jurisdiction contributory
negligence is a defense, and to be available must be
pleaded, and, if an issue is made, must be proved.  It
is defined as being the failure by the plaintiff to
exercise ordinary care for his own safety, but for
which the injury would not have occurred, notwith-
standing the defendant's negligence.  The law en-
deavors to fix the responsibility upon the agent of
the proximate cause.  There is no dividing it, resting
it partly upon one concurrent cause, and partly upon
another, where the plaintiff's own negligence is one
of the concurrent causes.  The rigidity of this rule

is apparently justified by the practice, which shifts the burden of proof and raises the necessity for the plea and proof. When the plaintiff shows the injury was caused by an act or omission of the defendant which is contrary to its duty toward the plaintiff in the premises, a prima facie case has been made out, and a verdict would be warranted, unless the act or omission can be excused, or the plaintiff can be shown by the defendant to have failed at the time to exercise ordinary care for his own safety, but for which in spite of defendant's negligence, the injury would not have resulted. Thus the burden of showing the defendant's negligence is upon the plaintiff, while that of showing plaintiff's contributory negligence is upon the defendant. If, however, the plaintiff should be put to it to prove, not only that the defendant was negligent in the particular charged, but that he was at the time in the exercise of due care for his own safety, he would be compelled to carry the burden upon both propositions. It is true that, before one can recover for another's negligence, the former must have been without such negligence as to have caused his own injury. But the question we are considering is not one of right to recover, but of the correct practice in the enforcement of the right.

In pleading it is not unusual to charge that plaintiff, while in the exercise of due care for his own safety, was injured by the defendant's negligence in certain named particulars; but such an allegation is not necessary. Louisville & Portland Canal Company v. Murphy, 9 Bush, 522. While the plaintiff may needlessly plead that, whilst he was in the exercise of due care, by the defendant's negligence, in this, etc., he was injured and damaged, etc., he would have nothing added to his preliminary burden to

show his right to recover, even though the defendant had traversed the allegation. If the plaintiff in this case was injured by the negligence of the defendant sued upon, she was entitled to recover a verdict, although she was not exercising ordinary care for her own safety, unless her failure to do so was the proximate cause of the injury. Elliott, Roads & Streets, 640. It was therefore error to have imposed upon her the condition and burden of showing that she was at the time using ordinary care for her own safety, before the jury were allowed to find for her. Palmer Tr. Co. v. Paducah Ry. Co., 89 S W. 515, 28 Ky. Law Rep. 473; 29 Cyc. 604; Hoyt v. Hudson, 41 Wis. 105, 22 Am. Rep. 714; R. R. v. Fleming, 30 Ohio St. 484; City of Lincoln v. Walker, 18 Neb. 244, 20 N. W. 113, and note of cases collected.

We must remain in doubt as to the effect of the error upon the jury. There were two trials—one resulting in a disagreement of the jury. The jury on this case were taken to the place of injury to inspect the location of the pole. There was some evidence, as stated, that plaintiff and her companion were traveling very fast. We cannot say that the jury may not, from these facts, have inferred that plaintiff was not exercising ordinary care for her own safety, by not controlling the actions of her companion, or attempting to do so. But, if they regarded that at all, they must have given that clause considerable weight in arriving at their verdict. We conclude that the error was prejudicial.

There is no ground for punitive damages in the case.

Judgment reversed, and remanded for a new trial under proceedings not inconsistent herewith.