### South Covington & Cincinnati Street Railway Co. v. Hossfeld.

(Decided October 19, 1911.)

Appeal from Kenton Circuit Court
(C. C. L. & E. Division).

# South Cov. & Cin. St. Ry. Co. v. Hossfeld.

1. Instruction on Contributory Negligence.—An instruction on contributory negligence should not be given unless there is some evidence upon which to base it.

2. Instruction on Permanent Injury.—It is not error to instruct the jury on the permanent impairment of the plaintiff to earn money as an element of damage if there is any evidence showing that the injury sustained is permanent. And, aside from this, if it is manifest that the amount of the recovery is no more than should have been allowed as compensation for pain and suffering, the verdict will not be disturbed, although there may be doubt as to the propriety of instructing upon the subject of permanent injury.

ROBERT C. SIMMONS for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee brought this action against the appellant company to recover damages for personal injuries sustained by her and recovered a judgment for one thousand dollars.

The appellant asked an instruction upon the subject of contributory negligence, and the failure of the lower court to give this instruction is one of the errors assigned for reversal. The appellee in her petition alleged and her evidence tended to show that as she was in the act of alighting from the car that had stopped for the purpose of letting her off, it was suddenly started before she reached the ground, causing her to be thrown to the street, breaking both bones in her leg near the ankle. The defense of the appellant company, and all the evidence introduced in its behalf, was to the effect that the car did not start, nor did appellee fall, until she had safely reached the street and gotten entirely clear of the car. It will thus be seen that there was a plainly defined issue made by the evidence in support of the respective contentions of the parties. There was no question of contributory negligence in the case. If appellee's version of the accident was correct, the company was guilty of negligence in starting the car while she was in the act of alighting; on the other hand, according to appellant's evidence, she fell to the street and sustained the injury of which she complains after she had safely alighted from the car and walked a few steps away from it, and if this was so, of course the company was not guilty of

any negligence. The issues thus presented by the evidence and the pleadings were well submitted to the jury in these instructions:

"If you believe from the evidence that while plaintiff was in the act of alighting from the car referred to in the proof, it was suddenly started, and plaintiff was thereby caused to fall and was thereby injured, you will find a verdict for the plaintiff. If, however, you believe that the car referred to in the proof was not suddenly started while plaintiff was in the act of alighting therefrom, or if you believe from the evidence that the plaintiff had alighted from and cleared the car before it started, then in either of said events you will find a verdict for defendant."

The other alleged error complained of is that as there was no evidence to show that the plaintiff was permanently injured it was error to instruct the jury that they might in connection with other items of damage make an assessment for the permanent impairment of her power to earn money, if any. That appellee, a woman about forty years of age, was severely and painfully injured, there can be no doubt. Both bones in her leg near the ankle were broken, and she was confined to her bed for several weeks, and afterwards was obliged for some time to use a crutch in walking around, and at the time of the trial—several months after the accident—did not have as good use of her limb as formerly. Previous to the injury she was a strong, healthy woman, did her own household work, as well as following other wage-earning employments. She was treated by one of the physicians of the company, as well as her own family physician, but neither of them was introduced as witnesses on the trial. There is some evidence that her injuries are permanent and will permanently impair her power to earn money, but the evidence on this point is not as satisfactory as it would be if either of the parties had seen proper to introduce the physicians who treated appellee. We think, however, that there was sufficient proof of permanent injury to warrant the instruction; and, aside from this, the amount awarded appellee was no more than just compensation for the pain and suffering she endured and which it is fair to assume from the evidence she will suffer as a result of the accident.

Upon a consideration of the whole case, we do not find any substantial error to the prejudice of appellant, and the judgment is affirmed.