# Foreman v. Western Union Telegraph Company.

(Decided March 5, 1929.)

J. L. RICHARDSON and J. RIVERS WRIGHT for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and FRANCIS R. STARK for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

On the morning of December 15, 1926, Dr. William B. Foreman was walking north on the west side of Armory Place, or Center street, in Louisville, and after crossing Liberty street and stepping on the sidewalk he was run into violently by a boy on a bicycle, and knocked back into the street, with the boy and bicycle on top of him. His leg was broken, and he suffered severe, painful, and permanent injuries.

Dr. Foreman filed this suit for damages against the Western Union Telegraph Company and Sylvester Keifer, charging that the company and Keifer, as its servant and employee, acting in the line of his duty and scope of employment, with gross negligence and carelessness so operated, managed, and controlled the bicycle as to cause same to come into violent collision with the plaintiff and injure him. An answer and amendment denied that Keifer or any other employee of the company in any way caused the accident. A plea of contributory negligence was interposed, which was traversed. With the issues thus joined the case went to trial, at which time the petition against Keifer was dismissed. The jury returned a verdict for the defendant telegraph company, and the plaintiff appeals from the judgment rendered on that verdict.

It is undisputed that the rider of the bicycle at the time wore a uniform commonly worn by messengers of the Western Union Telegraph Company, with a red sweater on the outside. His cap bore No. 8 on the front, and, when he and the bicycle fell on Foreman, several yellow envelopes similar to those in which messages of the company are usually delivered fell from the boy's

cap. He said his name was Sylvester. The doctor and another witness positively identified Keifer as the rider of the bicycle, and several others testified that he looked much like the rider, but they could not positively identify him. Keifer testified that he had been employed by the company as messenger, but quit its service on the day before the accident. Records of the company were intro duced, showing that he was not in its employment on the day of the accident, and that he had quit the day before. On that day and previously he had worn cap No. 8, and the uniform of the company. But these records were not made from the original paper on which the time of messenger boys was stamped as they departed or returned from the office in the delivery of messages. This original record was not produced by the company. The sharp conflict in the evidence on this point, of course, authorized the submission to the jury of the issue as to whether or not Keifer, as the employee of the company, caused the accident.

Appellant contends that the court erred in confining the instructions to Keifer alone, as the employee of the defendant company, inasmuch as the answer denied that he or any other employee caused the injury complained of. The plaintiff did not charge negligence on the part of any other employee, but confined the issue solely to Keifer and the company. Having done so, the court was not authorized to submit any other issue, and hence no error was committed.

We are of the opinion, however, that it was error to give the instruction on contributory negligence, as there was no evidence to support it. It was in the usual form relating to the exercise by the plaintiff of ordinary care for his own safety. The only evidence on which the instruction could have been based was the admission of the plaintiff that, in responding to the statement of the boy, as he was getting up that he had not seen him he said, "No, and I didn't see you either; I wasn't expecting to see you on the sidewalk;" and his admission on the trial that, had he been looking, he supposed he could have seen the boy approaching him, although he was not expecting anybody to be on the sidewalk with a vehicle. No warning by bell or otherwise was given of the approach of the bicycle.

The conclusion that the instruction was not warranted is justified by considerations of common experi-

ence and the principles underlying the defense of negligence on the part of a plaintiff contributing to the accident out of which damages are claimed to have arisen.

It is the common experience of every one to walk on pavements without having their attention centered on the expectancy of meeting vehicles there, especially where, as here, the use of the sidewalks in that way is prohibited by law. The court takes judicial notice of the ordinances of the city of Louisville. Ky. Stats., Supp. 1928, sec. 2775. No doubt Dr. Foreman's vigilance was directed towards vehicles on Liberty street, which he had just crossed, and when he stepped on the sidewalk he certainly had no reason to expect a vehicle there. In this day of fast-driven motor vehicles the danger of walking on the street or road is recognized, and it is usually a question for the jury as to whether ordinary care was exercised where a pedestrian failed to observe an approaching vehicle. But the sidewalks are reserved for the use of pedestrians, and they have the superior right there. One may use them without being required as a matter of law to maintain a lookout for vehicles, whether they be self-propelled or manually driven.

In 13 R. C. L. 293, the law is thus stated:

"There is no imperative rule of law requiring a pedestrian, when lawfully using the public ways, to be continuously looking or listening to ascertain whether vehicles are approaching, under the penalty that upon the failure so to do if he is injured his own negligence must be conclusively presumed."

And also on page 292:

"Pedestrians using the sidewalks are not required to exercise any more care in walking thereon than such as is necessary to avoid injuries from other pedestrians walking thereon, the question of repair not being involved, and one who, while walking upon the sidewalk, is injured by a wagon backing upon him, is not guilty of contributory negligence merely because he fails to take to the street. He has a right to the use of the sidewalk and is under no obligation to surrender it to the defendant's wagon which is wrongfully on the sidewalk."

This specific rule is but the application of the general rule that, in the absence of contrary knowledge, actual or implied, one need not anticipate danger which can come to him only through a breach of duty by another; that is, one may assume that all precautions required of others for his protection have been or will be taken, whether those precautions arise out of the common-law duty to exercise ordinary care to avoid injury to others, or by force of statute or ordinance. 45 C. J. 954. On a sidewalk a pedestrian may indeed "walk by faith," so far as vehicles are concerned.

No duty, therefore, was owing by the plaintiff to the rider of the bicycle, and negligence is founded on duty. If there is no duty, there can be no negligence. The plaintiff's right to recover was not affected unless he was at fault; that is, unless the facts shown were such as to give rise to a reasonable belief that he was guilty of a breach of duty towards the defendant, and such breach of duty contributed in some way to bring on the injuries of which he complains. Shearman and Redfield, secs. 85 and 93; Kentucky & Tennessee Ry Co. v. Minton, 167 Ky. 516, 180 S. W. 831. The doctrine of contributory negligence as a defense was considered in Bevis v. Vanceburg Tel. Co., 132 Ky. 385, 113 S. W. 811, in which opinion it is said:

"The law endeavors to fix the responsibility upon the agent of the proximate cause. There is no dividing it, resting it partly upon one concurrent cause, and partly upon another, where the plaintiff's own negligence is one of the concurrent causes. The rigidity of this rule is apparently justified by the practice, which shifts the burden of proof and raises the necessity for the plea and proof. When the plaintiff shows the injury was caused by an act or omission of the defendant which is contrary to its duty toward the plaintiff in the premises, a prima facie case has been made out, and a verdict would be warranted, unless the act or omission can be excused, or the plaintiff can be shown by the defendant to have failed at the time to exercise ordinary care for his own safety, but for which, in spite of defendant's negligence, the injury would not have resulted. Thus the burden of showing the defendant's negligence is upon the plaintiff, while that of showing plaintiff's contributory negligence is upon the defendant."

The rider of the bicycle was prohibited by ordinance from being at that place, and there was a peremptory duty on his part to keep off the sidewalk. If he violated that duty he took the risk of any injury which he might cause a pedestrian with whom he came in contact. Elliott, Roads and Streets, secs. 1105, 1130; 3 R. C. L. 792: Fielder v. Tipton, 149 Ala. 608, 42 So. 985, 8 L. R. A. (N. S.) 1268, 123 Am. St. Rep. 69, 13 Ann. Cas. 102. And, while this court has not so held, there is authority to the effect that a bicyclist is guilty of negligence per se in riding upon a sidewalk and injuring a pedestrian. 3 R. C. L. 793. With the extraordinary degree of care demanded of a bicyclist, a pedestrian is not to be held guilty of contributory negligence because he did not see the approach of a bicycle on the sidewalk. "Contributory negligence is not imputable to any one for failing to look out for danger which he has no reasonable cause to apprehend." Shearman and Redfield, secs. 90, 653, 654. He is not required to anticipate a violation of the law by another. He has a right to assume that every one will obey the law, whether it be statutes or ordinances or the common law, and to act upon that assumption. Shearman and Redfield, sec. 92. The rule in this respect is thus given in 20 R. C. L. 105:

"The defendant has actual knowledge of his own violation of the law, and nothing less than actual knowledge on the part of the plaintiff should be held to put the parties on an equal footing and to render them equally responsible for the ensuing injury. And every one to whom a statutory duty is due has a right to go on the assumption that it will be performed."

It is true that this court has held it to be a question for the jury whether a pedestrian, who failed to observe a defect in or an obstruction placed upon a sidewalk, where he had no right to expect it, was exercising ordinary care for his own safety. Merchants' Ice Cold Storage Co. v. Bargholt, 129 Ky. 60, 110 S. W. 364, 16 Ann. Cas. 965; City of Louisville v. Haugh, 157 Ky. 643, 163 S. W. 1101; City of Ashland v. Boggs, 161 Ky. 728, 171 S. W. 461, Ann. Cas. 1916B, 1005; City of Dayton v. Lory, 169 Ky. 94, 183 S. W. 252; City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016. But an obstruction on or hole in a sidewalk is a passive,

inanimate thing, and injury in such cases follows the action of the pedestrian in casting himself against such object or in stepping into the hole. Not so with a bicycle or other active or moving force, which strikes the pedestrian. However, in some cases there may be a question for the jury, where the evidence disclosed that the pedestrian, under the particular circumstances appearing, might have reasonably expected the presence or approach of a vehicle or moving object, or had observed its approach and failed to avoid it; that is, whether or not his stubborn refusal to yield the sidewalk under the circumstances was negligence, or the failure to exercise care for his own safety. But where the facts are as in the instant case, and undenied, it is a matter of law as to whether the action of the plaintiff constituted negligence. 13 R. C. L. 523.

This is but the general rule that, where there is no controversy about the facts, and but one conclusion can fairly be drawn from the evidence, it is a matter of law as to whether or not the plaintiff was guilty of negligence, and it should be so stated in the instructions to the jury. South Covington & Cincinnati St. Ry. Co. v. Hossfield, 145 Ky. 22, 139 S. W. 1095; McMurtry's Adm'rs v. Ky. Utilities Co., 194 Ky. 294, 239 S. W. 62.

In the case of Central Consumers' Co. v. Booher, 107 S. W. 198, 32 Ky. Law Rep. 794, where a cellar door had been left open, ungarded, in a sidewalk, in the nighttime, and a pedestrian had fallen into it, the court approved an instruction advising the jury that there was no evidence which would warrant it in finding that the plaintiff failed to exercise ordinary care for his own safety, saying:

> "That it is negligence to leave an unprotected any dangerous opening in a street or sidewalk of a city in the night time there can be no question. It is equally clear that persons using the street in the exercise of ordinary care for their own safety are not required to anticipate defects or obstructions, and if injured by unseen dangers, caused by the negligence of other persons, they may recover damages for the injuries sustained thereby."

Because the trial court erred in giving the instruction on contributory negligence, the judgment is reversed, for a new trial consistent with this opinion.