## Spencer's Administrator v. Number Four Superior Coal Company et al.

(Decided March 22, 1929.)

(As Modified on Denial of Rehearing May 3, 1929.)

SAUFLEY & WARD for appellant.

MORGAN & EVERSOLE for appellee Number Four Superior Coal Company.

J. W. CRAFT for appellee Daniel Boone Coal Corporation.

800

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, John Spencer, administrator of Stephen Spencer, deceased, brought this action in the Perry circuit court, in which he sought to recover damages in the sum of $25,000 from the appellees, Number Four Superior Coal Company and Daniel Boone Coal Corporation, for the death of his intestate, a boy 13 years of age.

The Daniel Boone Coal Corporation operates a mine at Lennut in Perry county, and the Number Four Superior Coal Company operates a mine just across the North fork of the Kentucky river from Lennut. The latter also owns and operates a commissary and owns a number of houses which are occupied by its employees. The Daniel Boone Coal Corporation also owns a number of houses which are located across the river from its mine and on the same side of the river as the properties of the Number Four Superior Coal Company. The commissaries and houses of both companies are lighted by electricity and their mines are electrically equipped. The Daniel Boone Coal Corporation had constructed a line of poles across the river to the group of houses owned by it to which were attached wires carrying 110 volts of electricity for lighting the houses. There was also attached to these poles a wire carrying 2,300 volts of electricity. This high voltage was necessary for the operation of an electric pump owned by the Daniel Boone Coal Corporation. The Number Four Superior Coal Company attached its wires carrying 110 volts of electricity to some of the poles of the Daniel Boone Coal Corporation with the latter's permission. One of these wires carried the current of electricity that furnished light to the commissary of the Number Four Superior Coal Company.

About 6 o'clock in the morning of December 14, 1926, Stephen Spencer was found dead in the basement of the commissary. Blisters were found on the inside of the index finger and on the ball of the thumb on his right hand. It is alleged in the petition that Stephen Spencer was directed by the Number Four Superior Coal Company to go to the basement and attend to the furnace, and that when he attempted to turn on the electric light he was electrocuted. It is further alleged that the defendants negligently permitted the uninsulated wire of the Daniel Boone Coal Corporation, carrying 2,300 volts

of electricity, to come in contact with the low voltage wire of the Number Four Superior Coal Company running to the latter's commissary. At the conclusion of the testimony for the plaintiff the court sustained a motion of each of the defendants for a directed verdict. From the judgment dismissing his petition plaintiff has appealed.

It is first insisted that the court erred in excluding evidence as to statements made by Lee Strunk a few minutes after the body of Stephen Spencer was found. Strunk was the clerk in charge of the Number Four Superior Coal Company commissary. The witness Tom Allen was asked what Strunk said, an objection was sustained, and an avowal was made that if the witness were permitted to answer he would say: "He said he 'sent the boy to build a fire and I believe he is dead.' Reecer asked 'What?' and he said, 'I sent the boy to build a fire and he is dead.' Then we went down and the boy was lying on his face stretched in front of the boiler." This statement, and a similar statement claimed to have been made considerably later in the presence of the boy's father, was the only evidence offered tending to show that the boy was in the basement of the commissary by permission or direction of the Number Four Superior Coal Company. Whether or not this statement was admissible as a part of the res gestae need not be determined, since we have concluded there is no evidence tending to show the cause of the boy's death, and consequently whether he was a trespasser or an invitee is immaterial.

There is some evidence that the high tension wire of the Daniel Boone Coal Corporation had been in contact with some of the low tension wires of the Number Four Superior Coal Company leading to the houses occupied by the latter's employees, but there was no evidence that the wire to the commissary was in contact with the high tension wire. Counsel for appellant concede that the evidence does not show, unless by inference, that the wire to the commissary was in contact with the wire of the Daniel Boone Coal Corporation. Two witnesses introduced by plaintiff testified that between 6 and 7 o'clock on the night before the Spencer boy died they pulled the switch controlling the wire entering the commissary, and that it was still disconnected on the following morning. It was further shown that the wire leading to the basement was tested immediately after the boy's body was found and no current of electricity was then in

the wire. Not only is there no proof that decedent lost his life as the result of negligence on the part of either of the defendants but the cause of his death is a mere matter of speculation. A physician was called and examined the body a few minutes after it was found, but he did not testify as to the cause of the boy's death, nor was any other witness introduced who was qualified by experience to give an opinion upon that subject.

The case comes within the well-established rule that where damages are sought for injury on account of negligence, it is incumbent upon the plaintiff to establish both the injury and negligence, and, if under the evidence the injury may as reasonably be attributed to some cause independent of negligence for which the defendant would not be responsible as to negligence, the case should not be submitted to the jury. Everman's Administrator v. Louisville & Nashville Railroad Co., 219 Ky. 478, 293 S. W. 977.

In order to conclude that Stephen Spencer's death resulted from appellees' negligence, it would be necessary to infer that he was electrocuted and from this inference to infer that the wire leading to the commissary had come in contact with the high tension wire. As said in Siemer v. Chesapeake & Ohio Railway Co., 180 Ky. 111, 201 S. W. 469: "The rights of parties litigant may not be determined and adjusted upon mere inferences drawn from others. Before the courts are authorized to act, there must be some evidence in the record of such a tangible nature as would authorize the tribunal whose duty it is to pass upon the facts to do so, without basing its finding upon surmise, speculation, or mere inferences."

The proof wholly fails to show not only the cause of the death of plaintiff's intestate, but any negligence on the part of either of the appellees, and the motion of each for a peremptory instruction was properly sustained.

Judgment affirmed.