## Myers et al. v. Salyer.

Feb. 7, 1939.

J. F. Bailey, Judge.

KIRK & WELLS and O. L. BRIGHT for appellants.
HOWES & WALKER for appellee.

Opinion of the Court by Creal, Commissioner—
Reversing.

Macy Williams Salyer, suing by her husband and next friend, Ernie Salyer, has recovered judgment against Ralph Myers and C. E. Gorman, doing business under the firm name of Myers and Gorman, for $5,000 for personal injuries alleged to have been sustained as a result of the negligence of employees of Myers & Gorman in running a road grader against a horse which she was riding and thereby causing her to be thrown from the horse. Myers & Gorman are appealing.

The failure of the lower court to sustain appellant's motion for a peremptory instruction at the close of plaintiff's evidence and at the close of all the evidence is assigned as one of the grounds for reversal of the judgment and the conclusion we have reached concerning that ground renders it unnecessary to consider or discuss any of the other grounds.

Appellants, who are road contractors, had been awarded a contract by the highway commission to surface a road in Johnson county known as the Jennie Wiley Trail. They procured materials to be used in surfacing the highway from a stone quarry near Flat Gap which they leased from Aaron Moore. There was a county road leading from the highway under construction through Flat Gap to the quarry. This road had not been graded or surfaced and heavy traffic soon rendered it impassable. Appellants at their own initiative or under some agreement with the fiscal court of the county undertook to put and keep the road in condition for general traffic and use and to that end graded it and graveled some portions. In order to keep deep ruts or chuck holes from forming, they went over it practically every day with a grader to keep it smooth and drained.

Appellee, who was about 19 years of age at the time she sustained the injuries complained of, attended school at Flat Gap, her home being about four miles from the school. She usually rode horseback to and from school and traveled all or practically all the Flat Gap road between the Jennie Wiley trail and Flat Gap. On April 29, 1936, appellee, accompanied by one of her teachers, was going from her home to school. She rode a horse belonging to the man whom she later married and the teacher rode a horse belonging to appellee.

While traveling along the Flat Gap road they met a road grader of appellants' which was being pulled by a truck. In passing the grader the left hind foot of the horse ridden by appellee was caught under the grader blade and the horse reared or was thrown back causing appellee to fall or be thrown to the ground. As a result of the fall she claims to have sustained injuries in the region of the hip and the lower part of her back. After the accident she stated that she did not think she was hurt, mounted and rode the horse on to the home of the owner and then walked a short distance to school. While there is some conflict in evidence and especially that of medical experts concerning the character and nature of appellee's injuries and the cause of them, there is ample evidence to sustain the allegations and claim of appellee that she did sustain serious and painful injuries as a result of her fall from the horse. Therefore, the only question to be determined is whether the alleged injuries were the direct and proximate result of the alleged negligence upon the part of appellants or whether it was due to her own contributory negligence.

According to appellee's own evidence she was adept in handling and riding horses, her experience with them dating back to her early girlhood; that the horse she was riding was tractable and was not frightened or restive in passing the road machinery; that when she came in view of the tractor and grader they were about the center of the road; that as she approached them they began to pull over a little to their right; that she and her companion hesitated momentarily but that she decided she had room in which to pass so went ahead followed by her companion; that the blade of the grader extended out something like two feet from the side; that the truck and grader could have pulled over three or more feet farther than it did. In her opinion the space between the grader blade and the ditch on the side of the road was three feet. Her companion estimated the space as about three and one half feet.

There is conflict in evidence as to the width of the road at the point where the accident occurred. The evidence of witnesses for appellant including a county engineer who made measurements being to the effect that if the machinery had been in the center of the road at that point there would be a much wider space between it and the ditch than that testified to by appellee and her witnesses; that the ditch had a very gradual

slope which when necessary could be and was used for travel. Appellants' employee who was operating the grader testified that when passing the grader the horse ridden by appellee apparently became frightened and suddenly backed into the side of the grader.

Summing up the evidence for appellee we have this situation. For some distance before meeting the road machinery she had a full and clear view of it and the roadway and the space left open for her to pass. Any danger incident to her so doing was obvious to her. The machinery was pulling over a little and she momentarily hesitated before reaching it but decided that she would have room to pass and went ahead. The evidence for appellee shows there actually was ample space in which to guide a horse safely by the road grader. Therefore, it is apparent that appellee either rode closer to the grader than was necessary or the horse suddenly swerved or backed into the path of the grader blade as was stated by appellants' employee who was on the grader.

In order to entitle appellee to recover it was incumbent upon her to establish both the injury, and negligence of appellants as the proximate cause thereof. Spencer's Adm'r v. No. 4 Superior Coal Company et al., 228 Ky. 799, 16 S. W. (2d) 168; Sabiston's Adm'r v. Otis Elevator Company, 251 Ky. 222, 64 S. W. (2d) 588. To authorize damages for personal injuries there must be evidence to show not only that the defendant was guilty of some negligence but that such negligence was the proximate cause of the injury. Chesapeake & O. Railway Company v. Bryant's Adm'r, 272 Ky. 339, 114 S. W. (2d) 89. Usually the question of negligence, contributory negligence or proximate cause is for the jury, Padgett v. Brangan, 228 Ky. 440, 15 S. W. (2d) 277; Conway v. Louisville & Nashville Railroad Company, 135 Ky. 229, 119 S. W. 206, 122 S. W. 136, but, these questions become matters of law, where, as in this instance, but one conclusion or inference can fairly be drawn from the evidence. Forman v. Western Union Telegraph Company, 228 Ky. 300, 14 S. W. (2d) 1079; Cecil v. Oertel Company, 239 Ky. 825, 40 S. W. (2d) 328; Elcomb Coal Company v. Gray's Adm'x, 273 Ky. 230, 115 S. W. (2d) 1056; Barret v. Ivison, 248 Ky. 243, 57 S. W. (2d) 1005. Considering all the evidence for appellee in its most favorable aspect, we are, in the light of the authorities cited, constrained to the conclusion

that the court erred in not sustaining appellants' motion for a peremptory instruction.

Wherefore, the judgment is reversed for a new trial and proceedings consistent with this opinion.