MARSEE v. KENTUCKY UTILITIES CO.

Court of Appeals of Kentucky.
June 12, 1953.

Carlos B. Pope, Barbourville, for appel-
lant.

Kenneth H. Tuggle, Barbourville, T. M.
Galphin, Jr., Louisville, for appellee.

CULLEN, Commissioner.

Charles Marsee, while standing under a
clump of small trees near a pathway pass-
ing through a field, during a rain and wind
storm, was killed by some electrical force.
Contending that the electrical force was not
lightning, but was a charge of electricity
from high-voltage lines of the Kentucky
Utilities Company which crossed the field
close to the clump of trees, Marsee's ad-
ministrator sued the company for dam-
ages for wrongful death. A directed ver-
dict was given for the company, and the
administrator appeals.

The first ground for reversal as-
serted by the appellant is that the court
erred in directing a verdict for the com-
pany. We have examined the record care-
fully and find that the plaintiff's evidence
was sufficient only to create a mere infer-
ence, surmise or speculation that the death
was caused by electricity passing from the
high-voltage lines through the trees. None
of the normal physical evidences of such an
occurrence, such as the scorching of leaves
or limbs of the trees, were shown. Taking
the evidence in the light most favorable
to the plaintiff, it shows only that the death
might have been caused by electricity pass-

ing from the high-voltage lines, or by lightning. Actually, the evidence tends to be convincing that lightning caused the death. Under these circumstances, it was proper for the court to direct a verdict for the company. Spencer's Adm'r v. Number Four Superior Coal Co., 228 Ky. 799, 16 S.W.2d 168; Louisville Gas Co. v. Kaufman, Strauss & Co., 105 Ky. 131, 48 S.W. 434.

It is next contended that the court erred in not granting a new trial on the ground of newly discovered evidence. The new evidence consisted of testimony of three witnesses that they heard a loud noise at the time of Marsee's death and saw a large ball of fire come along the transmission line and jump into the top of the clump of trees. This evidence does not lend any support to appellant's theory that Marsee's death was the result of regular electrical energy passing from the transmission line to the trees; on the contrary, it tends to buttress the company's claim that the death was caused by lightning.

The judgment is affirmed.