**ALPHA CONSTRUCTION COMPANY et al., Appellants,**

v.

**Elisha BRANHAM, Appellee.**

Court of Appeals of Kentucky.

June 17, 1960.

Rehearing Denied Sept. 23, 1960.

C. Kilmer Combs, Prestonsburg, J. K. Wells, Paintsville, for appellants.

Jack T. Page, F. Dale Burke, Pikeville, for appellee.

CLAY, Commissioner.

While plaintiff appellee was riding a horse on a highway he received serious personal injuries in a collision with defendant's truck. A judgment of $25,000 was recovered. Appellant's principal conten-

tion on this appeal is that it was entitled to a judgment notwithstanding the verdict because its driver was not negligent, or if so, the plaintiff was contributorily negligent as a matter of law.

Plaintiff was riding his horse at a slow running walk on the narrow right-hand shoulder of a 16 foot blacktopped highway which was straight and level. Appellant's truck approached from the opposite direction at a speed not in excess of 35 miles an hour. It was either on its right side of the road or in the middle.

When the truck was 75 to 100 yards away plaintiff became aware that his horse was excited or frightened. He used a spur in an attempt to control its movements. He did not stop the horse or signal the driver of the truck, but continued along the shoulder-path. The horse was off the pavement until just before the truck passed. It then wheeled out into the highway and jammed its head through the cab window. Plaintiff's right leg was crushed against the bed of the truck.

There is little dispute about the basic facts and our first problem is to discover in what manner, if any, the defendant may have negligently violated duties owed to the plaintiff. Plaintiff's theory, which was presented to the jury by an instruction, was that the defendant was negligent in the following respects: (1) operating a truck which made unusual and unnecessary noises, (2) driving at an excessive speed, (3) failing to keep a lookout, (4) failing to observe that plaintiff's horse was frightened and to take proper precautions in view of this development, and (5) failing to stay on the right side of the road.

We can find no evidence of substance in this record that defendant violated any of the first three duties set out above. A motor vehicle cannot be operated without noise and in the absence of special circumstances normal operation, even if it frightens a horse, is not negli-

gence. Teague v. Princeton Ice & Storage Co., 205 Ky. 231, 265 S.W. 611. A speed of 35 miles an hour on an open highway cannot in itself constitute negligence. There was no evidence defendant's driver failed to keep a lookout.

With respect to the fourth ground, defendant's driver could possibly be negligent in failing to take precautions if he knew or had reason to know that plaintiff's horse was frightened and had created a danger of collision. There was evidence the horse had been observed to prick up his ears. This alone was insufficient to indicate that it had become unmanageable. It continued at the same pace in the same lane of travel, with no other sign from the rider or the horse that it was likely to bolt onto the paved surface of the highway. Even plaintiff who was riding the horse apparently did not fully appreciate this danger. How could defendant's driver have recognized it?

The driver had the right to assume that the horse would remain in a safe place. See Shelton v. Hunter, 162 Ky. 531, 172 S.W. 950. In Rose v. Edmonds, 271 Ky. 36, 111 S.W.2d 427, on which plaintiff relies, the frightened movements and activities of a mule were clearly observable by a motorist for at least 300 yards. We find no issue of negligence here.

A more difficult problem is presented on the fifth ground with respect to the duty of defendant's driver to operate his truck on the right side of the road. KRS 189.-300(1) provides:

"The operator of any vehicle when upon a highway shall travel upon the right side of the highway whenever possible, and unless the left side of the highway is clear of all other traffic or obstructions and presents a clear vision for a distance of at least one hundred and fifty feet ahead."

The ambiguity of this statute is recognized in Ward v. Music, Ky., 257 S.W.2d

516. We do not believe it necessary to decide if it applies under the facts of this case. See Hughes v. Bates' Adm'r, 278 Ky. 592, 129 S.W.2d 138, and Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828, 830. Whether this statute is controlling or whether defendant's driver was required to keep to his right side of the road under the general duty to operate his vehicle in a careful manner (KRS 189.290), we will assume the jury could have found the driver negligent in this respect.

Having made this assumption, we are confronted with the question of whether or not the plaintiff was contributorily negligent as a matter of law. These facts are significant. The efficient cause of the accident was the unusual movement of the horse. Plaintiff was in control of this instrumentality. He realized when the truck was some distance away that his horse had become fractious and difficult to manage. He could anticipate it might bolt. He did not stop or alight. He did not signal defendant's driver, which would have required the latter to stop. KRS 189.-310. He used his spurs on the horse, undoubtedly further exciting the animal.

We have a situation where the plaintiff, with knowledge that a dangerous situation is developing which is not known to the approaching truck driver, undertook to control his horse, continued his course of travel, and gave no warning that he was in difficulty. We do not believe reasonable minds could say that plaintiff exercised due care for his own safety under the circumstances or that his course or conduct did not contribute to this unfortunate accident.

This case is similar to Myers v. Salyer, 277 Ky. 696, 127 S.W.2d 158. In that case a horsewoman attempted to pass a grader on the highway and she either rode too close or the horse swerved into it. It was held that the danger of her movement was obvious to her and that her own negligent acts constituted a proximate cause of the accident entitling defendant to a directed verdict. We reach the same conclusion here.

It is unnecessary to consider the alleged errors in the instructions.

The judgment is reversed with directions to enter judgment for the defendant.