## Moore v. Alsmiller, Clerk of Court.

March 3, 1942.

Doolan, Helm, Stites & Wood for appellant.

Lawrence S. Grauman for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This suit, brought under the Declaratory Judgment Act, Section 639a-1 et seq., Civil Code of Practice, involves the construction of that part of Section 2243, Kentucky Statutes, which prescribes the procedure for drawing juries in courts having continuous sessions. The appellant, B. Irby Moore, brought the action against John H. Alsmiller, clerk of the Jefferson circuit court, and asked that a binding declaration of rights as between the parties be made upon these questions:

"(1) Are the names of the persons drawn from the jury wheel by the judges of the Common Law divisions of the Jefferson Circuit Court, and publicly announced by such judges, required to be entered of record on the order book of the Jefferson Circuit Court for such divisions at the time such public announcement is made by the respective judges of said division?

"(2) Do the names drawn from the jury drum or wheel by the circuit judges, upon being publicly announced in open court by the said judges, become immediately public records in the possession of the Clerk of the Jefferson Circuit Court, or his deputies, and available for examination by any citizen of Jefferson County of the State of Kentucky?"

It was stipulated by the parties that the plaintiff "is engaged in the business of investigating and reporting to attorneys in regard to the residences, and various facts in reference to the history of persons who are called for jury service in State or Federal Courts, which information is made available by contract with attorneys who have cases for trial in the State or Federal Courts," and that the defendant had refused to allow the plaintiff to see the list of names of persons drawn for jury service for each of the four common law divisions of the Jefferson circuit court prior to the day they were summoned to appear. The stipulation showed the procedure which has been followed in the Jefferson circuit court with ref-

erence to petit and grand jurors whose names are drawn from the jury wheel. That procedure is as follows:

On Monday next before the Monday upon which the juror shall be summoned to appear, the circuit judge draws from the drum or wheel case the names of not less than 30 nor more than 36 persons to act as petit jurors, records their names on paper together with the street or postoffice addresses of the jurors, certifies and signs the list, and then places the list in an envelope. The judge then administers the oath to the deputy clerk, which is provided for in Section 2241 of the Kentucky Statutes, and the deputy clerk takes the sealed envelope and delivers it to the circuit clerk, who, within 20 days before the date jurors are called for service, opens the envelope, makes a copy of the list therein, and delivers the copy to the sheriff of Jefferson county. The same procedure is followed with reference to the drawing of 24 names of jurors for the grand jury. As the names are drawn, the judge announces publicly the names of the jurors, and the clerk enters of record in the order book an order merely stating that the judge had drawn from the jury drum in open court a list of persons to be summoned for jury service beginning on a certain date. The names drawn from the jury wheel are not entered on the order book, and no record with reference to the jurors is made until the sheriff makes his report to the court, and then an order is entered showing the names of the persons who have been summoned to appear and who have actually appeared and been accepted for jury service. It is appellant's contention that the names drawn from the jury wheel should be entered of record on the order book at the time they are drawn, and should be accessible to the public.

The case was heard below by Honorable Gilbert Burnett, Judge of the Jefferson Circuit Court, Chancery Branch, Second Division. He adjudged and declared the rights of the parties as follows:

"1. The names (and addresses) of persons drawn from the jury wheel by the judges of the Jefferson Circuit Court are not required to be entered of record on the order book for such division at the time public announcement of such names is made.

"2. (a) Names of jurors drawn from the jury drum or wheel by the circuit judges, do not, upon be-

ing publicly announced in open court, become public records immediately in the hands of the Clerk of the Jefferson Circuit Court, or his deputies.

"(b)   These names are not immediately after being announced or before appearance day for the jurors, available for examination by any citizen of Jefferson County or the State of Kentucky."

The four judges who preside over the four divisions of the Common Pleas Branch of the Jefferson circuit court sat with the chancellor on the hearing of the case, and they concurred in the conclusions reached by him.

The first paragraph of Section 2243 of the Kentucky Statutes prescribes the method of drawing names from the jury wheel in circuit courts having statutory fixed terms.   In Kitchen v. Commonwealth, 275 Ky. 564, 122 S. W. (2d) 121, and Williams v. Commonwealth, 287 Ky. 570, 154 S. W. (2d) 563, we held that it was the intention of the Legislature to impose secrecy as to the names drawn from the jury wheel in courts not of continuous sessions, and that in those courts it was error for the judge to announce publicly the names as they were drawn since the statute was enacted so that no one but the circuit judge could know whose names had been drawn from the wheel to make up the next grand jury and petit jury to serve in the circuit court.   Parts of paragraph 2 of Section 2243 apply to courts of continuous sessions alone, and parts of it apply both to courts of continuous sessions and term courts.   Paragraph 2 reads, in part, as follows:

"In courts having continuous sessions the judge shall   *   *   *   in open court, every two weeks, on Monday next before the Monday upon which they shall be summoned to appear, draw from the drum or wheel case the names of not less than thirty nor more than thirty-six persons to act as petit jurors, record their names on paper, certify and sign it. The names of all persons drawn as grand and petit jurors shall be publicly announced, when drawn, and entered of record in the order drawn.   The judge shall place said lists in separate envelopes, of good paper, and seal and indorse them so as to show that the envelopes contained jury lists, and the month or term, and in courts having continuous sessions, the weeks and year said jurors are selected for and date of selection, and sign his name across the seal of

each and deliver them to the clerk of his court at the same time administering to him and his deputies the oath above required of them.''

It is appellant's contention that the provision ''the names of all persons drawn as grand and petit jurors shall be publicly announced, when drawn, and entered of record in the order drawn'' requires the immediate entry of the names in the order book by the clerk, and that thereafter the names should be available to the public. It must be admitted that ordinarily the term ''enter of record'' means to spread on the order book, but in the statute in question this term is immediately preceded by the provision that the judge as he draws from the wheel the names of persons to act as jurors shall ''record their names on paper, certify and sign it,'' showing that the Legislature was dealing with the recording done by the judge. Section 2243 of the Statutes contains palpable inconsistencies, and any attempt to reconcile its various provisions in order to arrive at the intent of the Legislature is necessarily fraught with difficulty. However, the notion that secrecy concerning the names of prospective jurors should be maintained permeates the entire Act. Although it provides that the names shall be publicly announced as they are drawn, yet the provision is followed immediately by one requiring the judge to place the lists of names in separate envelopes of good paper and seal and indorse them and deliver them to the clerk of his court, at the same time administering to the clerk and his deputies the oath required of them in Section 2241. The Act also provides that the judge shall destroy the slips on which are written the names placed on the lists ''as soon as said names are recorded on said lists,'' another indication that the Legislature had in mind the list made by the judge and not the order book when it provided that the names should be entered of record. Except for the provision that in courts of continuous sessions the names of all persons drawn as jurors shall be publicly announced when drawn, the Act, with meticulous care, provides for secrecy as to the names. The clerk and his deputies are required to take an oath that they will not open the envelopes containing the lists of jurors until the time fixed by law, and these lists are the only records expressly required to be in writing. It must be conceded that Section 2243 of the Statutes is ambiguous, and that it is difficult to discover its true meaning. In the interpretation and construction of statutes,

the primary rule is to ascertain and give effect to the intention of the Legislature and that intention must be determined from the language of the statute itself if possible. Here the language is ambiguous and the meaning obscure, but an examination of the whole, as well as the separate parts of the Act, reveals an intention to require secrecy as to the names of persons drawn for jury service. It is suggested that an interpretation of the statute which does not require the clerk to enter the names in the order book to be available to members of the public, though requiring the judge to announce the names publicly when drawn, is unreasonable and renders the provisions of the Act inconsistent; but, in view of all the provisions for secrecy after the names are drawn, any other interpretation would likewise be unreasonable and would lead to absurdity. We think the chancellor's interpretation of the statute harmonizes its apparent inconsistencies, and effectuates the intention and purpose of the Legislature.

The judgment accordingly is affirmed.