### Croley v. Owens.

Nov. 30, 1943.

T. E. Mahan for appellant.

C. B. Upton and R. L. Pope for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The only question involved in this appeal concerns the qualification of three jurors. Each juror was asked these questions:

"Does your name appear on the last returned assessor's books for the purposes of taxation in Whitley County, Kentucky?"

"Did each of you list some property for taxation in Whitley County, Kentucky, as of July 1, 1941, that would cause your name to appear on the last returned assessor's books for the purpose of taxation?" All of them answered in the affirmative. Counsel for the appellant states his examination of the assessor's books before the trial showed that the names of three of the jurors, Mrs. Charlie Nicholson, Mary Huddleston and Josie Cox, did not appear on the list for 1941. He says, however, because these jurors had sworn to give true answers concerning their qualifications, he was afraid to take issue with them for fear their property might be listed in some district other than that of their residence, or under some other name. Affidavits produced after the trial showed two of the jurors listed property for taxation after their names had been selected by the jury commissioners, but before the trial, and that, in the other instances the property was listed in the names of C. E. Nicholson and wife; Mrs. Charlie Nicholson being the wife of C. E. Nicholson.

KRS 29.070 provides among other things that the jury commissioners shall take the last returned tax commissioner's books for the county and from it select sober, discreet and impartial citizens and resident housekeepers in different parts of the county over 21 years of age. It is apparent the jury commissioners did not comply with this statute, in so far as the names of Mary Huddleston and Josie Cox were concerned. The

listing of the property in the names of C. E. Nicholson and wife may or may not have been a bona fide listing, but certainly the presumption would be in favor of its bona fideness. One desiring to question such a listing could take the proper steps to do so.

We have noted counsel for the appellant states frankly that his examination of the assessor's books failed to reveal the names of these jurors. The question narrows down then to what he should have done to determine whether the jury commissioners had complied with KRS 29.070. He was on guard, and while he advances plausible reasons for not going into the matter fully at the time of the examination of the jurors, we are of the opinion that was the time when the question should have been raised. The cases of Galliaer v. Southern Harlan Coal Co., 247 Ky. 752, 57 S. W. (2d) 645, and Richardson v. Louisville & N. R. Co., 291 Ky. 357, 164 S. W. (2d) 602, are conclusive on this point. Those cases show it is well settled that a challenge to a juror must be made before trial, and further, the acceptance of the jury precludes the defendant from thereafter presenting a challenge for cause.

Judgment affirmed.