## Cincinnati, N. & C. Ry. Co. v. Tenkotte's Ex'r.

October 31, 1947.

Rodney G. Bryson, Judge.

Arthur J. Daly for appellant.

William E. Wehrman for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The judgment is for $25,000 for the death of Mrs. Emma Tenkotte, who was struck by an electric car of the appellant in the afternoon of December 23, 1944, near her home in the Barrington Woods community of Kenton County.

We find it necessary to reverse the judgment because of the failure of the court to conform to the statutory provisions for the drawing and selection of the jury panel.

Prior to 1942 the statute governing the procedure in all courts of continuous session prescribed that when

names were drawn from the wheel, they should be publicly announced and entered of record in the order drawn, and at the same time inconsistently prescribed that the slips be destroyed and a list of the names placed in a sealed envelope and delivered to the clerk, who, with his deputies, took an oath to keep the names inviolate until the time fixed by law for delivery to the sheriff to summon them. Section 2243, Ky. Stats. In Moore v. Alsmiller, 289 Ky. 682, 160 S. W. 2d 10, a case from Jefferson County, we held that the provisions for secrecy expressed the paramount intention of the Legislature and that the names of persons drawn for jury service should not be made public at the time of the drawing. The opinion was delivered during the 1942 session of the Legislature. The statute was immediately amended to eliminate the provision for public announcement and recording of the names from the procedure of courts in counties containing a city of the first class (Jefferson), but the provision for secrecy of the list was retained. Conversely, the amendment continued the provision for publicity of the jury list and omitted the provision for secrecy for courts of continuous session in all counties other than Jefferson. Chapter 85, Acts of 1942. At its 1944 session the Legislature revised the statutes relating to the method and system of selecting juries, but the provisions of the 1942 Act just referred to were retained in substantially the same language. Chapter 23, Acts of 1944. Therefore, at the present time we have three different ways of handling the petit jury list after the names have been drawn from the jury wheel, namely:

(1) In courts having terms, the list is sealed and kept inviolate by the clerk. KRS 29.130(1), 29.140(1).

(2) In courts of counties containing a city of the first class (Jefferson) the procedure is substantially the same. KRS 29.130(3), 29.140(2) (b).

(3) In courts of continuous sessions except in Jefferson County, it is prescribed that "the names of all persons drawn as grand and petit jurors shall be publicly announced when drawn, and entered of record in the order drawn." KRS 29.130(2). It is further expressly provided that in such courts "the judge need not place the lists in a sealed envelope, but may deliver the

lists openly to the clerk, and omit from the oath administered to the clerk any reference to opening the lists.'' KRS 29.140(2) (a).

The Kenton circuit court is in the third group. In the present case, following the usual practice in that court, the names of the persons drawn for jury service were not made public but were given the sheriff for summons. After they had appeared at the appointed time, they were examined by the court as to their eligibility. Those found to be ineligible upon statutory grounds or to have sufficient reasons for not serving were excused. The names of those who were qualified and retained for service were then placed on the order book and made available to litigants and the public.

Upon the calling of the case for trial, the defendant moved for a continuance because the jury panel was not legally constituted, in that the court had not followed the statutory method for selecting a jury, and, particularly, had not made the jury list available to the defendant, thereby, as alleged, depriving the defendant of the opportunity to inspect the entire list or investigate the qualifications of the prospective jurors. It is shown by an affidavit that the defendant's request for the list had been denied as to prospective jurors who had not been examined as to their eligibility. The motion for the continuance was overruled. The point was saved in the motion and grounds for a new trial and is urged on the appeal.

In ruling on the motion for a new trial, the circuit court filed an opinion in which it is pointed out that the defendant had the list of 20 of the qualified jurors for 19 days before the trial and the 4 others on the panel for 12 days. Peculiar conditions in Kenton County and the large number of persons summoned for service and found disqualified were stated as justification. The court also expressed the view that it would serve no purpose for the defendant, to investigate the names of mere potential jurors. It was believed that the amendments of the statutes did not change the ruling laid down in Moore v. Alsmiller, supra, 289 Ky. 682, 160 S. W. 2d 10.

As a practical matter, there is much in the court's justification. But we think it clear the Legislature in-

tended that its enactments should be respected and not ignored. It is significant that the amendments of the statutes were made deliberately after delivery of our opinion in the Moore case. The Legislature has spoken clearly and provided that in courts of continuous session other than the Jefferson circuit court the jury lists shall be made public as soon as the names are drawn. It is not for us to question the wisdom of making a difference in the methods to be followed in the three classes of courts. The appellant points out that a challenge of a juror for cause must be made before trial and not later (KRS 29.020; Croley v. Owens, 296 Ky. 51, 176 S. W. 2d 84) and that there must be time in which to learn of any ground for such challenge. While in the present case there apparently was time for that purpose, yet it is not so where a case is called for trial immediately after the qualification of the array of jurors. No distinction in the interpretation of the statute can be made on this account or because of the circumstances in which this case was tried.

In Louisville, H. & St. L. R. Co. v. Schwab, 127 Ky. 82, 105 S. W. 110, there had been a technical nonobservance of the law relating to the duties of the jury commissioners pursuant to a custom and apparent necessity or general convenience. There was nothing prejudicial to the litigant, yet this court recognized that the system established by the Legislature was the result of the experience of many years and its efficiency should not be impaired or its methods disregarded. In that case and in others we have held that there must be a substantial compliance with the terms of the statutes prescribing the procedure for the selection of juries. A recent case is Bain v. Commonwealth, 283 Ky. 18, 140 S. W. 2d 612. We are, therefore, constrained to reverse the judgment on the ground stated.

No other questions have been considered, hence they are left open.

Judgment reversed.