The CINCINNATI, NEWPORT & COVING-
TON RAILWAY COMPANY, Appellant,

v.

John PELUSO, Sr., Appellee.

Court of Appeals of Kentucky.

June 15, 1956.

Rehearing Denied Oct. 5, 1956.

Arthur J. Daly, Cincinnati, Ohio,
Stephens L. Blakely, Blakely, Moore &
Blakely, Covington, of counsel, for appel-
lant.

Odis W. Bertelsman, Morris Weintraub,
Newport, for appellee.

WADDILL, Commissioner.

Appellee, plaintiff below, received serious
personal injuries in a collision between his

panel truck and a bus operated by appellant's agent. There have been two trials of this case. In the first trial a verdict was returned for the defendant, however a motion for a new trial was sustained. The second trial resulted in an $18,383 verdict for plaintiff. Defendant's motion to set aside this verdict and judgment and reinstate the verdict and judgment rendered in the first trial was overruled as was his motion for a new trial. Defendant appeals from the action taken in each trial.

The trial court did not set out its reasons for granting the new trial, yet it appears the court believed that the instructions given were erroneous. In order to properly consider the instructions it is necessary to review the evidence of each party.

The collision occurred on a state highway bridge between Newport, Kentucky, and Cincinnati, Ohio, about 200 feet north of the bridge toll house. Appellant was proceeding south and appellee north. It was raining, making the wooden floor of the bridge slippery. Appellant's evidence is to the effect that as its bus approached the truck being driven by John Peluso, the truck appeared to strike the guard rail on the east side of the bridge at a point approximately 30 feet from the bus, and skidded sideways directly into the bus. Appellant places Peluso's speed at 10 to 15 m. p. h., and the speed of the bus at 10 or 12 miles an hour immediately before the collision, however, the bus driver contends that the bus was completely stopped at the time of the impact and had never crossed the center line. Appellee's evidence was to the effect that the bus was traveling at a speed of 40 to 50 miles per hour, and that it crossed over the center line into appellee's lane striking his truck.

■ Instruction A–1 defined plaintiff's duties, closing with the words, " * ' * * and unless you believe from the evidence that * * '* [plaintiff] was not exercising ordinary care for his own safety, you will find for the defendant '* * *.'' This instruction was obviously misleading. Appellant contends that the use of "not" is such an obvious error that the jury could

not have been misled. Nevertheless even omitting the word "not" the instruction is erroneous, as it authorized a verdict for defendant if there was any failure whatsoever on the part of plaintiff to exercise ordinary care. The instruction did not inform the jury that plaintiff's negligence must also have contributed in some way to the accident before he would be precluded from recovery. Bevis v. Vanceburg Telephone Co., 132 Ky. 385, 113 S.W. 811; Palmer Transfer Co., v. Paducah Railway and Light Co., 89 S.W. 515, 28 Ky.Law Rep. 473.

■ Instruction A–4 was a sudden emergency instruction. However, the theory of appellant's case was that the bus had been brought to a complete stop before the impact and had never crossed the center line. There is no indication that the bus driver was put to a rapid choice of alternative courses of action in order to avoid the accident, or that the action he did take may have been an unwise choice. In view of appellant's evidence, the giving of a sudden emergency instruction allowed the jury to speculate and adopt a theory of defense not supported by the evidence. Giving this instruction was therefore prejudicial error.

In view of the instructions given at the first trial, we conclude that the motion for a new trial was properly sustained.

When this case was called for trial the second time, appellant challenged the venire on the ground that 36 names were drawn from the wheel and over 20 were excused; that a supplemental list of 28 names was drawn of which more than 8 were excused. Appellant contends that because of this procedure he "was unable to investigate the qualifications of said jurors and thus [his] right to challenge was interfered with and hampered to such degree that said right to challenge was impaired."

■ We find no merit in appellant's contention that he is entitled to a list of the persons who are called and who will actually serve in order to investigate them. While the case of Cincinnati, N. & C. R. Co. v. Tenkotte's Ex'r, 305 Ky. 743, 205

S.W.2d 503, appears to substantiate appellant's position, its value as precedent was nullified by the legislature in 1948. The Tenkotte case was based on KRS 29.130(2) as it appeared in the 1946 Kentucky Revised Statutes. It required that "the names of all persons drawn as grand and petit jurors shall be publicly announced when drawn * * *." However, at its 1948 session the General Assembly amended KRS 29.130, and omitted this requirement. 1948 Acts, Ch. 3, page 38. There is no provision in the law of this state which gives a litigant a right to "investigate" prospective jurors. See Moore v. Alsmiller, 289 Ky. 682, 160 S.W.2d 10. Other alleged errors concerning the formation of the jury panel were waived by the appellant's failure to apprise the trial court of the specific basis of his objection. CR 7.02; Tennessee Products & Chemical Corp. v. Miller, Ky., 282 S.W.2d 52.

Appellant further contends that it should be granted a new trial, as one of the jurors gave a false answer on voir dire.

The jurors were asked by the trial judge: "Is there any person seated as a prospective juror who has ever had a claim which he or she made against the defendant company for damages"? Appellant's attorney subsequently asked: "I ask you now if any member of your immediate family ever had a claim or suit against [the defendant company]?" The prospective jurors remained silent thereby indicating a negative answer. It was subsequently determined however that the son, and son's wife, of juror Frank Lauterwasser had settled claims against appellant in 1937, for $5,000. Upon oral examination Mr. Lauterwasser testified that he had no recollection at any time before or during the trial, of the claim. He further testified that at the time his son and daughter-in-law were injured they were maintaining their own home and for the past ten years have resided in Elliott, Maine. He concedes, however, that as his memory has now been refreshed, he is familiar with the incident.

■ Where false or misleading information of such character as to indicate probable bias is given by a juror on voir dire, it may be presumed that a free exercise of the right of peremptory challenge has been so restricted as to result in prejudice to the party affected, and the verdict must therefore be set aside. Eads v. Stockdale, 310 Ky. 446, 220 S.W.2d 971; Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917. However, if information innocently withheld or given, although false, is so insignificant or trifling as to indicate only a remote or speculative influence on the juror, the right of peremptory challenge has not been affected. Crutcher v. Hicks, Ky., 257 S.W. 2d 539.

■ We find that the information innocently withheld in the instant case falls within the purview of the Crutcher case and therefore does not compel a new trial.

There is serious doubt in our mind as to whether or not the question asked the juror required an affirmative answer. At the time of the trial and at the time the claims were asserted the son and his wife were maintaining their own home and were not members of Lauterwasser's household. Ballentine's Law Dictionary defines "immediate family" as "those members of the same household who are bound together by ties of relationship." Under the technical meaning of the terms, therefore, Lauterwasser answered the question correctly.

Even had the question required an affirmative answer, we conclude that the incident is too far removed, both in time and relationship, to indicate more than a speculative influence on the juror.

The incident occurred over seventeen years before the trial, a time sufficiently great to dim the memory of any man. Such was the case here, for the juror testified that he "never even thought about it." The juror appears to have acted in perfectly good faith and there is nothing about the character of the information innocently withheld or about the surrounding circumstances that would indicate probable bias. The right of peremptory challenge has, therefore, not been prejudicially restricted.

559

Appellant also complains of prejudicial statements made by appellee's counsel during final argument. No record was made of these arguments, the alleged statement being presented by affidavit of appellant's counsel. Appellee has submitted an affidavit denying that the statement was made. The trial judge indicates that he does not recollect the incident complained of, but to the best of his knowledge the jury was properly admonished. Under the state of this record, we cannot say there was prejudicial error.

Judgment affirmed.

MILLIKEN, J., not sitting.