Senator Tim **PHILPOT**, Senator David **Williams**, Senator Walter A. **Baker**, Senator Charlie **Borders**, Senator Virgil **Moore**, Senator Richard L. **Roeding**, and Senator Gex **Williams**, III, all in their capacity as members of the Kentucky State Senate, Appellants,

v.

Julie **HAVILAND**, in her capacity as Clerk of the Kentucky State Senate; Senator Benny Ray **Bailey**, Senator Charles W. **Berger**, Senator Walter **Blevins**, Jr., Senator David E. **Boswell**, Senator Fred **Bradley**, Senator Tom **Buford**, Senator

Lindy Casebier, Senator Ed Ford, Senator Kelsey Friend, Senator Jeff Green, Senator Gene Huff, Senator Susan D. Johns, Senator Nick Kafoglis, Senator David K. Karem, Senator Dan Kelly, Senator Henry G. Lackey, Senator Robert J. Leeper, Senator Danny Meyer, Senator Joseph U. Meyer, Senator Michael Moloney, Senator Gerald A. Neal, Senator Kim L. Nelson, Senator Joey Pendleton, Senator Rick W. Rand, Senator John D. Rogers, Senator John A. Rose, Senator Larry Saunders, Senator Tim Shaughnessy, and Senator Tom Smith, in their capacity as members of the Kentucky State Senate, Appellees.

No. 94–SC–145–TG.

Supreme Court of Kentucky.

May 26, 1994.

Rehearing Denied Sept. 1, 1994.

Tim Philpot, pro se.

David Williams, pro se.

Walter A. Baker, pro se.

Charlie Borders, pro se.

Virgil Moore, pro se.

Richard L. Roeding, pro se.

Gex Williams, III, pro se.

Chris Gorman, Atty. Gen., Thomas J. Hellmann, Asst. Atty. Gen., Frankfort, and Jackson W. White, Jack B. Harrison, Frost & Jacobs, Lexington, for appellees.

SPAIN, Justice.

Seven members of the thirty-eight-seat Kentucky Senate initiated this suit in the Franklin Circuit Court challenging the constitutionality of Senate Rule 48 adopted in the 1994 Session of the General Assembly. Named as defendants were the Clerk of the Kentucky Senate and twenty-nine remaining members of the Senate.

Two of the plaintiffs previously unsuccessfully challenged the 1992 version of said Senate Rule in the Franklin Circuit Court, but upon appeal transferred to this Court, the matter was held to have become moot by reason of the adjournment *sine die* of the 1992 Regular Session of the General Assembly. Accordingly, the action was dismissed without prejudice to a future decision on the merits. *Philpot v. Patton,* Ky., 837 S.W.2d 491 (1992).

The trial court has again ruled by Judgment entered on February 18, 1994, that Senate Rule 48 as adopted on January 4, 1994, "complies with the Senate's power under Section 39 of the Kentucky Constitution to 'determine the rules of its proceedings' and does not violate the minimum constitutional mandates" of Section 46 of the Kentucky Constitution. We granted transfer of the appeal directly to this Court and now affirm.

Section 46 of the Kentucky Constitution provides as follows:

No bill shall be considered for final passage unless the same has been reported by a Committee and printed for the use of the members.... But whenever a Committee refuses or fails to report a bill submitted to it in a reasonable time, the same may be called up by any member, and be considered in the same manner it would have been considered if it had been reported.

In implementation of this constitutional right of every Kentucky legislator to "call up" a bill from a standing committee, the Kentucky Senate once again this year, as it has for over one hundred years, adopted its procedural rule, providing:

*Rule 48. Failure to Report.* Whenever a committee fails or refuses to report a bill submitted to it, any member may, upon filing with the Clerk a written petition to determine whether the committee has held the bill for an unreasonable time, call the petition for consideration on the next succeeding legislative day after its filing. If a majority of the members elected to the Senate concur that the bill has been held an unreasonable time by voting to approve the petition, the bill shall be considered as though it had been regularly reported and shall be given its first reading and thereafter treated as any other bill which had been reported from committee.

Had the Senate simply failed to adopt a rule implementing the Constitutional mandate whereby "any member" could set in motion a procedure guaranteed to address a committee's failure or refusal to report a bill, this Court could then take note of such default. However, once the Senate adopted a procedure such as Rule 48 provides, this Court has no authority to edit or rewrite it on the grounds that it could be improved upon.

The appellants complain that Rule 48 is flawed and contradicts Section 46 of the Constitution for the reason that the rule leaves to a majority vote of the entire Senate the resolution of the question as to whether a committee has failed to report a bill "in a reasonable time." The appellants insist that the framers of Section 46 of the Constitution

intended, rather, that any member of the body could decide that a bill has been held "an unreasonable time" and consequently force a vote on the merits of the bill by the entire body. The appellants are mistaken in their reading of the Constitutional Debates. A thorough reading of such debates concerning Section 46 reveals that the delegates were primarily concerned at the Constitutional Convention of 1890–91 with the power of Committees and their Chairmen to "bottle up" or kill legislation which the *majority of the members of the Assembly* wanted to consider, rather than just what some individual member might want reported. For example, the following remarks of Delegate Bullitt were offered in support of Section 46:

I offer now nothing more than the amendment ... for the purpose of preventing burial of measures sought to be brought before the House expressing the will of the people.

\* \* \* \* \* \*

Now, where is your power to force the Committee to report? Suppose the Committees say we are divided; some believe we ought to report favorably, and some adversely, and say we want further time to consider this question, where is your power to force them to report? In a case of that sort, where the matter is locked up, although vital to the interests of the people, there ought to be some method by which *the Legislature* can call it from that Committee and act upon it. If language means anything, there is no sort of question about this. (Emphasis added.)

*Const. Debates*, Vol. 3, p. 3874. Section 46, as adopted by the Constitutional Convention, required the Senate to adopt a method by which the legislature could call a measure from a committee and consider it. This is precisely what present Senate Rule 48 accomplishes, by permitting an individual member to call a bill from committee and giving to the full body the opportunity to consider whether or not the committee has held the bill for an unreasonable time.

As Delegate Bullitt said later in continued discussion on Section 46 concerning the need to restrict the power of the committees:

This Convention has taken away from the Legislature the power to consider bills, unless they are reported by a Committee. That transfers from the Legislature to a Committee a power which ought not to be final. Now if a Committee refuses or fails to report a bill, this is intended to give to the Legislature the same power it has under the present Constitution to consider a measure, and any member of the Legislature ought to have it in his power to call up a bill and call the attention of the Legislature to the dereliction of the Committee....

*Const. Debates,* Vol. 4, pp. 5685–86.

The Constitution requires nothing more than that "any member," including the appellants, have the opportunity to call forth their legislation from Committee and have a determination made as to whether the Committee has held the bills an unreasonable amount of time.

The appellants, in insisting that Section 46 guarantees the right to each individual member to call up a bill from a committee, apparently would leave it to each such member to determine when a committee has failed to report a bill in a "reasonable time." In connection therewith, at least by implication, this Court is asked to determine guidelines as to reasonableness and to require the Senate to set out such guidelines in its rules, "within definite time frames."

We are of the opinion, however, that the determination of what is a "reasonable time" in this context, is a matter for the legislature to determine, under Section 39 of the Kentucky Constitution. For us to presume to define a "reasonable time" would result in the judiciary usurping the power of the Senate to determine for itself through its own rules when a committee has failed to report a bill within a reasonable time.

In *Baker v. Carr,* 369 U.S. 186, 210, 82 S.Ct. 691, 760, 7 L.Ed.2d 663 (1962), the United States Supreme Court presented judicial standards for determining whether an issue is an appropriate subject for resolution by the courts or whether it is a "political question" which the judiciary ought not adjudicate. The Court stated at 369 U.S. at 217, 82 S.Ct. at 710 in *Baker:*

Prominent on the surface of any case held to involve a political question is found

[1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or

[2] a lack of judicially discoverable and manageable standard for resolving it; or

[3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or

[4] the impossibility of a court's undertaking independent resolution without expressing lack of respect due coordinate branches of government; or

[5] an unusual need for unquestioning adherence to a political decision already made; or

[6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

In *Coleman v. Miller,* 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939), the Supreme Court was faced with the question of the validity of a vote of the Kansas legislature on a proposed amendment to the United States Constitution. One of the issues addressed by the Court was whether the Congress or the courts should determine the definition of a "reasonable time" within which ratification would be timely even when Congress failed to specify a time limit for ratification. Those who challenged the efficacy of the ratification of the amendment by the Kansas legislature argued that because Congress had not established a time limit on the ratification it was up to the courts to define a reasonable time.

The U.S. Supreme Court disagreed, holding that the determination of a "reasonable time" was an appropriate task for the legislative branch, in this case the Congress, but not one for the courts. The Supreme Court held in its opinion:

In short, the question of a reasonable time in many cases would involve, as in this case it does involve, an appraisal of a great variety of relevant conditions, political, social and economic, which can hardly be said to be within the appropriate range of evi-

dence receivable in a court of justice and as to which it would be an extravagant extension of judicial authority to assert judicial notice as the basis of deciding a controversy with respect to the validity of an amendment actually ratified. On the other hand, these conditions are appropriate for the consideration of the political departments of the Government. The questions they involve are essentially political and not justiciable. They can be decided by the Congress with the full knowledge and appreciation ascribed to the national legislature of the political, social and economic conditions which have prevailed during the period since the submission of the amendment.

*Id.* at 453–54, 59 S.Ct. at 982.

Just as the United States Supreme Court held that it was appropriate for the Congress to determine what constituted a "reasonable time" within which an amendment to the Constitution had to be ratified, this Court is of the opinion that it is most appropriate for the Kentucky State Senate to determine what constitutes a "reasonable time" for a committee to retain proposed legislation. Such a determination is a political question, which traditionally courts have declined to address in the exercise of proper restraint, and have left to the appropriate branch of government. The Kentucky Senate has the "full knowledge and appreciation ascribed to the ... legislature of the political, social and economic conditions which have prevailed" since the legislation was introduced, and thus, the Senate is best able to determine when a committee has held a bill an unreasonable period of time.

In view of all of the above, we affirm the judgment of the Franklin Circuit Court.

STEPHENS, C.J., and LEIBSON, REYNOLDS and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which LAMBERT, J., concurs.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because Senate Rule 48, as now written, is in conflict with Section 46 of the Kentucky Constitution.

The clear and unambiguous language of Section 46 of the Kentucky Constitution authorizes any single member of the Senate to "call up" any bill that has either been refused by the committee or has been held by the committee an unreasonable time without action. The constitutional section states that such a bill is to be "considered in the same manner it would have been considered if it had been reported."

In 1994, the Senate Judiciary Committee failed to consider certain bills and on March 2, 1994, specifically rejected a motion by two of the appellants in this case for committee consideration of these bills.

The plain language of Section 46 and the specific debates of that section at the Constitutional Convention indicates that the concern of the original drafters of the 1890 Constitution is not satisfied by a procedural vote. In my view most of the delegates to that Constitutional Convention expressed a strong fear of majority control.

The clear and unambiguous meaning of Section 46 of the Kentucky Constitution was accurately analyzed in Attorney General's Opinion 78–38 issued in 1978 which stated that Senate Rule 48 violates Kentucky Constitution § 46 insofar as it imposes "conditions, restrictions or limitations" in contravention of the "express directive and intent of Section 46." The successor to Senate Rule 48 adopted in 1994 also imposes "conditions, restrictions or limitations" upon the right of a member guaranteed by the Kentucky Constitution to have such a bill considered in the same manner as it would have been if reported.

Section 39 of the Kentucky Constitution provides general rule making authority for the Senate. However, that does not confer unlimited authority on the legislative chamber to enact rules in conflict with the constitution. *Varney v. Justice,* Ky. 6 S.W. 457 (1888).

It is the obligation of this Court to defer to the plain meaning of Section 46 of the Kentucky Constitution. The argument that it is the Senate and not the courts which has the

authority to determine when a bill has been held an unreasonable time would have the net effect of nullifying Section 46 of the Kentucky Constitution by placing the Senate in the sole position to interpret the Kentucky Constitution in this regard, thus violating the traditional function of the judicial branch in this respect. It is beyond question that all involved in this dispute adhere to the principle that this is a government of laws and not of individuals. The supreme law of Kentucky is the Constitution, and it is the responsibility of this Court to interpret and apply constitutional law.

The Constitution controls any legislative act repugnant to it and it is the duty of the judiciary to say what the law is. *Cf. Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). This principle has been restated in *Rose v. Council for Better Education,* Ky., 790 S.W.2d 186 (1989), when it said "the power to adjudicate belongs to the judiciary." In that case, this Court did not shrink from its constitutional responsibility to apply and define the language of the Constitution in regard to "an efficient system of common schools throughout the state." It is the duty of the court to decide what the law is by making a comparison with the Constitution as to whether there is an incompatibility between the acts of the legislature and the Constitution. *Bliss v. Commonwealth,* 12 Ky.Reports (2 Littell) 90 (Ky.1822). "To allow the General Assembly to decide whether its actions are constitutional is literally unthinkable." *Rose, supra,* at 209.

*Rose* simply restates the obvious, that all civil authority in our society comes from the Constitution and that everyone is subject to the Constitution. Because there is no other available tribunal, resort must be had to the courts to determine whether the legislature has complied with constitutional provisions.

An examination of the relevant parts of Section 46 of the Kentucky Constitution shows no mention of the word "majority" or any equivalent thereof. Senate Rule 48 simply added this word to the otherwise straight forward rule and the result is a direct conflict with Section 46. The Kentucky Constitution envisions the right of any member to call forth a bill and have a floor vote on the bill itself. Under Senate Rule 48, the only vote a member can demand is whether a majority believes the committee has held the bill for an unreasonable time. The effect of this is to permit members to avoid any issue by voting only on the conduct of the committee. Accountability is thereby lost. The constitutional violation is in the extra step or nonsubstantive vote required by the rule, and not required by the Constitution. Unlike the United States Congress, which is in continuous session for as many as two consecutive years, the Kentucky General Assembly is limited by Section 42 of the Constitution to 60 legislative days. When the reasonable time language of Section 46 is read in conjunction with a 60–day limitation, at some point in time as adjournment *sine die* approaches, it is indisputable that bills still in committee have been held an unreasonable time.

Certainly no one could doubt that at the moment immediately preceding adjournment this is true, but in a practical sense, the unreasonable time arrives sufficiently in advance of adjournment to nevertheless permit floor action. We understand that the Senate has enacted rules that prohibit the introduction of new legislation after a certain date prior to adjournment. This is an acknowledgement of the obvious, that a certain period of time is necessary for the prudent consideration of proposed legislation. It should follow with equal or greater force that a committee must act on legislation assigned to it within a specific period of time prior to adjournment. It is not the responsibility of this Court to tell the Senate to enact any specific rule containing time limitations. The better approach is that the Senate has no power to require by a rule a vote of the majority with respect to what is an unreasonable time.

I must respectfully differ with the concept advanced by the majority opinion that this is a political question. The jurisdiction of the Kentucky Supreme Court includes "the complete determination of any cause." Ky. Const. § 110(1). "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal." Ky. Const. § 115.

Historically, the development of the political question doctrine has been in the federal system. In determining whether a question falls within the political question category, the appropriateness under our system of government of attributing finality to the action of the political departments and also the lack of satisfactory criteria for a judicial determination are dominant questions. *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

The political question theory is related to the requirement of separation of powers among the three branches of government. The courts will consider issues to be political and outside of the authority of the court when the subject matter or controversy is the constitutionally mandated responsibility of another branch of government. The other two branches of government have the opportunity to operate in their own manner so long as they do not come into conflict with the clear mandates of the Constitution.

Previously, the essential parties to this lawsuit were unable to bring legislation to the floor of the Senate because of the rule. *Philpot v. Patton*, Ky., 837 S.W.2d 491 (1992). In the 1994 legislative session, Senate Rule 48, as revised, again prevented the consideration of the proposed legislation. The standard for a determination of reasonable time is obvious. The repeated expiration of such a time limit is a clear showing of unreasonableness.

The real and nonpolitical question issue in this case is whether reasonable time can be construed to mean that legislation can die in committee. There is ample satisfactory criteria for the judicial determination of such a fact. The court must not "stand impotent before an obvious instance of manifestly unauthorized exercise of power." *Baker, supra*. We cannot avoid a bona fide controversy as to whether some action denominated as political exceeds constitutional authority. *Cf. Baker*.

Reliance on *Coleman v. Miller*, 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939), is misplaced. The specific question in that case involved the ratification of a constitutional amendment, something which that court had previously determined was in the domain of congressional decision-making. *Dillon v. Gloss*, 256 U.S. 368, 41 S.Ct. 510, 65 L.Ed. 994 (1921). As noted by the dissent in *Coleman v. Miller, supra*, the court did "directly decide upon the reasonableness of the seven years fixed by congress, it ought not now hold itself to lack power to decide" what is reasonable.

Consideration of legislation in the Kentucky Senate is distinguished from congressional ratification of a federal constitutional amendment because the actions of the legislature are restricted to 60 days every two years. Of particular interest in *Coleman* was the absence of any time limit. Determining what is reasonable and judicially undefinable in a potentially infinite time period is not the same as deciding what is a reasonable time within a limited and defined period of time. The question of the validity of Senate Rule 48 is not a political question outside the bounds of decision by this Court.

In the concept of limited government with the sovereignty of the people of the Commonwealth of Kentucky as supreme, each of the three branches of government is subject to the authority of the people as expressed in the Constitution. The conduct of the public's business must be in public on the floor of the Kentucky General Assembly in the best tradition of political accountability and representative government.

*United States v. Smith*, 286 U.S. 6, 52 S.Ct. 475, 76 L.Ed. 954 (1932), while upholding the philosophy that a state legislature is granted broad discretion to establish rules to govern itself, carved out an exception which continues to allow the legislature the right to establish its own rules but imposes a limitation that those rules should not hinder individual rights.

It is the responsibility of every duly elected legislator in Kentucky to represent his constituents. The Senate rule could have the effect of preventing such a duly elected officer of exercising that right by placing the decision in bringing legislation forth in the hands of a majority of the legislature. The rights of the legislator's constituents are also affected because they have a right to elect a person to the General Assembly to present

their views to that body. When a duly elected Senator is prevented from discharging such a responsibility, the rights of his constituent citizens to be represented could be abridged.

LAMBERT, J., joins in this dissent.