**Kent KNIGHT, County Judge/Executive, Appellant,**

v.

**Brent SPURLIN, Billy Bryant, Jimmy Turner, and Wade Chester, as Members of The Todd Fiscal Court, Appellees.**

**No. 2005–CA–002128–MR.**

Court of Appeals of Kentucky.

April 27, 2007.

As Modified June 8, 2007.

Robert B. Frazer, Brandi D. Hagan, Marion, KY, for appellant.

Harold M. Johns, Todd County Attorney, Elkton, KY, for appellees.

Before NICKELL and TAYLOR, Judges; PAISLEY,[1] Senior Judge.

## OPINION

PAISLEY, Senior Judge.

Kent Knight, the County Judge/Executive for Todd County, appeals from a September 27, 2005 order of the Todd Circuit Court in which the trial court recognized the administrative code initiated and adopted by the Todd Fiscal Court as legally binding. On appeal, Knight argues that the trial court erred when it failed to disqualify the Todd County Attorney as counsel for the Todd Fiscal Court; that the trial court erred when it determined that the issue of the county administrative code was not a political question; that the trial court erred when it authorized the Todd Fiscal Court to initiate and adopt its own code. Finding that the trial court erred when it authorized the fiscal court to initiate and adopt its own code, we reverse and remand.

With an effective date of January 2, 1978, the General Assembly added a new section to the Kentucky Revised Statutes (KRS) Chapter 67. The pertinent part of that statute reads:

The county judge/executive shall be the chief executive of the county and shall have all the powers and perform all the duties of an executive and administrative nature vested in, or imposed upon, the county or its fiscal court by law, or by agreement with any municipality or other subdivision of government, and such additional powers as are granted by the fiscal court. The county judge/executive shall be responsible for the proper ad-ministration of the affairs of the county placed in his charge. His responsibilities shall include, but are not limited to, the following:

. . .

(2) Prepare and submit to the fiscal court for approval an administrative code incorporating the details of administrative procedure for the operation of the county and review such code and suggest revisions periodically or at the request of the fiscal court[.]

KRS 67.710(2). With this statute, the General Assembly placed the burden on the county judge/executive to draft and submit an administrative code for approval by the county fiscal court. With an effective date of January 1, 1979, the General Assembly introduced a companion statute to KRS 67.710(2). This statute reads:

(1) The fiscal court shall adopt a county administrative code which includes, but is not limited to, procedures and designation of responsibility for:

(a) General administration of the office of county judge/executive, county administrative agencies, and public authorities;

(b) Administration of county fiscal affairs, including budget formulation, receipt and disbursement of county funds and preparation of records required for the county audit, and the filing of claims against the county;

(c) Personnel administration, including description and classification of nonelected positions, selection, assignment, supervision and discipline of employees, employee complaints and the county affirmative action program;

(d) County purchasing and award of contracts;

(e) Delivery of county services.

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Jus-tice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

(2) The fiscal court shall review the county administrative code annually during the month of June and may by a two-thirds (2/3) majority of the entire fiscal court amend the county administrative code at that time. The county judge/executive may at other times prepare and submit amendments to the code for the approval of a majority of the fiscal court.[2]

KRS 68.005. Under the statutory scheme set up by the legislature, the county judge/executive has the power and the duty to propose an administrative code. Once such a code has been adopted by the fiscal court, the judge/executive will never again be called upon to propose a code. From then on, the fiscal court may consider amending the code each June or may at any time consider amendments submitted by the judge/executive. The interpretation of these two statutes is at the center of this present appeal.

According to the record, between 1978 and 2003, Knight's predecessor in office proposed an administrative code on one occasion, but the fiscal court rejected it. Despite the lack of an administrative code, the fiscal court appeared content to let the issue remain dormant until Knight assumed the office of judge/executive in January of 2003. After Knight took office in 2003, he and the fiscal court discussed two different versions of an administrative code; however, Knight did not formally propose either. Later, on January 13, 2004, at a fiscal court meeting, one of the magistrates moved to adopt one of the versions of the administrative code, but the fiscal court rejected the motion. Then, a magistrate moved to adopt the other version of the administrative code. The fiscal court seconded the motion and passed it by a vote of four to two, with Knight voting to reject. After the first vote, as required,

the fiscal court published the administrative code in the local newspaper, and, at the next court meeting, the fiscal court conducted a final vote on the code and adopted it with another vote of four to two. After the final vote, Knight refused to take the necessary steps to enact the code as an official ordinance of the fiscal court by refusing to sign it and by refusing to publish it.

On August 6, 2004, the Todd County Attorney filed, on behalf of the fiscal court, a petition for writ of mandamus and for declaration of rights with the Todd Circuit Court. In the petition, the fiscal court asked the trial court to recognize its code as legally binding and requested a writ of mandamus to force Knight to take the necessary steps to officially enact the code as an ordinance. Later, in September of 2004, Knight filed a motion to disqualify the county attorney from representing the fiscal court, but the trial court denied Knight's motion to disqualify.

On September 24, 2004, the fiscal court moved the trial court for judgment on the pleadings. In response, Knight argued that the fiscal court's petition should be dismissed because the issue of an administrative code fell under the political question doctrine; thus, the trial court was prohibited from resolving the issue. The trial court, on October 29, 2004, held a hearing regarding the fiscal court's motion. After the hearing, the trial court entered, on November 4, 2004, a temporary order. In the temporary order, the trial court found that the fiscal court was under a specific statutory duty to adopt a code and found that the judge/executive was under a specific statutory duty to propose a code for adoption by the fiscal court. The trial court held that the issue of the code was not a political question but decided not to

2. In 1986, the General Assembly amended KRS 68.005 and added subsection 2.

address the legality of the fiscal court's code. Instead, the trial court felt that the issue may become moot if the judge/executive complied with KRS 67.710(2) and actually proposed a code. The trial court ordered Knight to submit a code to the fiscal court within 30 days. The trial court held that if the judge/executive complied with the trial court's order, then the fiscal court would be under a legal duty to consider the proposed code. However, the trial court also held that "[t]here is no legal requirement that the administrative code passed by the Fiscal Court mirror the one proposed by the County Judge." In addition, the trial court held that if the judge/executive failed to propose a code within the time limit set by the court, then any code adopted by the fiscal court would be recognized by the trial court as legally binding.

According to the record, Knight subsequently submitted an administrative code, but the fiscal court rejected it. After rejecting Knight's proposed code, the fiscal court voted to re-adopt the code that it had previously approved. On September 27, 2005, the trial court entered a final order recognizing the fiscal court's code as legally binding and ordering the code to be published. In addition, the trial court made its November 4, 2004 temporary order final and appealable.

## DISQUALIFICATION OF THE TODD COUNTY ATTORNEY

■ On appeal, Knight avers that the fiscal court is composed of the judge/executive and the magistrates and avers that, pursuant to statutes, the county attorney has a duty to represent all members of the fiscal court including the judge/executive. Citing the Kentucky Rules of the Supreme Court (SCR) 3.130(1.7), Knight argues that a lawyer cannot represent one client to the detriment of another client without consent of the clients involved. According to

Knight, he never consented to the county attorney's representation of the fiscal court's other members.

In the alternative, Knight argues that, prior to this case, he discussed the issue of an administrative code with the county attorney, and he believed that those discussions where made within the attorney-client relationship. Thus, it was a conflict of interest for the county attorney to represent the fiscal court against him. Given these arguments, Knight reasons that the trial court erred when it denied his motion to disqualify the Todd County Attorney.

According to KRS 69.210(1):

[t]he county attorney shall attend the fiscal court ... and conduct all business touching the rights or interests of the county ..., **and when so directed by the fiscal court ..., he or she shall institute, defend, and conduct all civil actions in which the county ... is interested** before any of the courts of the Commonwealth.

KRS 69.210(1) (Emphasis added.). In the present case, the majority of the fiscal court voted to adopt its own administrative code. When Knight refused to complete the necessary steps to enact the code, the fiscal court directed the county attorney to petition the trial court for relief. Pursuant to KRS 69.210(1), the county attorney was bound to follow the fiscal court's directive, so he acted appropriately when he filed suit on behalf of the fiscal court. Thus, there was no conflict of interest, and the trial court did not err when it denied Knight's motion to disqualify.

## POLITICAL QUESTION DOCTRINE

■ According to Knight, the political question doctrine applies to those issues that the judicial branch will refuse to recognize or refuse to decide due to an issue's purely political nature or because the trial court's involvement would encroach upon

the powers of either the executive or the legislature. Knight points out that the Supreme Court of Kentucky adopted six criteria to help determine whether an issue involves a political question. *Philpot v. Haviland,* 880 S.W.2d 550, 553 (Ky.1994). Knight insists that the issue of Todd County's administrative code meets all six criteria set forth by the high court. According to Knight, the issue of the administrative code "is a political question and is best left to the machinations of the executive and legislative branches of county government to decide."

In 1994, the Supreme Court of Kentucky adopted six criteria found in *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) for determining whether an issue involved a political question. *Philpot v. Haviland, supra* at 553. The first criterion is, "a textually demonstrable constitutional commitment of the issue to a coordinate political department[.]" *Id.* This criterion does not apply since the General Assembly placed the burden of adopting a county administrative code on both the judge/executive and fiscal court. The second criterion is, "a lack of judicially discoverable and manageable standard for resolving it[.]" *Id.* This criterion does not apply since the fiscal court was seeking a writ of mandamus, which has a well-known judicial standard. The third criterion is, "the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion[.]" *Id.* This criterion does not apply since the trial court did not nor was it required to make a policy decision. The fourth criterion is, "the impossibility of a court's undertaking independent resolution without expressing lack of respect due coordinate branches of government[.]" *Id.* This criterion does not apply since the trial court attempted to resolve the issue in a respectful manner. The fifth criterion is, "an unusual need for unquestioning adherence to a political decision already made[.]" *Id.* This one does not apply since no prior political decision existed in the present case. The last criterion is, "the potentiality of embarrassment from multifarious pronouncements by various departments on one question." *Id.* This criterion simply does not apply either. Since none of the criteria found in *Philpot* apply, the trial court did not err when it determined that the issue of the administrative code was not a political question.

## THE FISCAL COURT'S AUTHORIZATION TO INITIATE AND ADOPT ITS OWN CODE

■ In the trial court's temporary order, it authorized the fiscal court to adopt a code regardless of whether or not the judge/executive proposed one. According to Knight, this authorization goes beyond the authority granted to the fiscal court by KRS 68.005. Knight insists that KRS 67.710(2) vested the judge/executive with the sole responsibility to propose and submit an administrative code to the fiscal court for its approval. Thus, the fiscal court exceeded its responsibilities when it proposed and adopted its own code. Citing OAG 79–153, Knight argues that the judge/executive has the sole authority to propose and submit a code and that the fiscal court only has the authority to adopt a code that has previously been drafted by the judge/executive. Moreover, Knight argues that the language found in both KRS 67.710(2) and KRS 68.005 is mandatory, thus, requiring strict compliance. *See Knox County v. Hammons,* 129 S.W.3d 839 (Ky.2004).

When we interpret a statute, we will attempt to ascertain and effectuate the General Assembly's intent from the language found in the statute if possible. KRS 446.080(1); *Commonwealth v. Reynolds,* 136 S.W.3d 442, 445 (Ky.2004); *Moore v. Alsmiller,* 289 Ky. 682, 160

S.W.2d 10, 12 (1942). We will also attempt to construe the statute in such a way that, if possible, no part of it will be rendered meaningless or ineffectual. *Hardin Co. Fiscal Court v. Hardin Co. Bd. of Health*, 899 S.W.2d 859, 861 (Ky.App.1995). Generally, a statute is open to construction only if its language is ambiguous. If the language is clear and the application of its plain meaning would not lead to an absurd result, then further interpretation is unnecessary. *Overnite Transportation v. Gaddis*, 793 S.W.2d 129, 131 (Ky.App. 1990). However, if a statute is ambiguous and its meaning uncertain, then the legislative intent should be determined by considering the whole statute and the purpose to be accomplished. *Department of Motor Transportation v. City Bus Co.*, 252 S.W.2d 46, 47 (Ky.1952). Furthermore, our interpretation of the statute should neither add to nor subtract from it; should not produce an absurd result; and should produce a result that is both practical and reasonable. *Commonwealth v. Reynolds*, supra at 445; *Walker v. Kentucky Dept. of Education*, 981 S.W.2d 128, 130 (Ky.App. 1998).

We note that neither this Court nor the Supreme Court has interpreted KRS 67.710(2) and KRS 68.005 and the relationship between the two. However, we are not without guidance since, in the late 1970s and early 1980s, the Attorney General of Kentucky issued numerous opinions regarding these statutes. In OAG 79–153, the Attorney General opined:

The county judge/executive has the sole power to offer a code and suggest revisions thereto, subject to the approval or disapproval of fiscal court as a body in adopting a code or revisions thereof. The word "adopt", as used in KRS 68.005, clearly suggests the approval of something already formulated. And clearly KRS 67.710(2) vests in the county judge/executive the sole authority to

"prepare and submit" for fiscal court "approval" an administrative code.

So, according to the Attorney General's interpretation of KRS 67.710(2) and KRS 68.005, the county judge/executive has the sole responsibility to draft and propose a county administrative code. We find this interpretation to be sound and adopt it as our own.

■ However, in the present case, Knight procrastinated in performing his duty and justified his procrastination by arguing that KRS 67.710(2) contained no penalty provision. In response to Knight's reluctance to perform his duty, the trial court authorized the fiscal court to initiate and adopt its own code. While the trial court's solution appears reasonable, we disagree with the trial court since its solution would render KRS 67.710(2) meaningless. On March 8, 1979, the Attorney General addressed this very issue. According to the Attorney General:

The fiscal court must adopt an administrative code. KRS 68.005 and 67.080(2)(c). However, it is the responsibility of the county judge/executive to prepare the code and make any needed suggestions for its amendment. KRS 67.710(2). Now between the two, the county judge/executive and the other members of fiscal court, they must see to it that such a code is adopted. But bear in mind that only the county judge/executive can propose a code. The rest of the fiscal court, along with the county judge/executive, then votes to accept or reject the code. However, this process of submission, rejection, amendment, cannot be finally used to do nothing about the final adoption of the code.

The initiating of or proposing the code rests only with the county judge/executive. If the legislature had intended that the other members [other than

county judge/executive] take the initiative in proposing the code, it could so easily have said so by statute. However, the statutes are silent in that respect. All the members of fiscal court must keep in mind their joint responsibility. OAG 79–176. We find the Attorney General's opinion to be well-reasoned and adopt it as well. Thus, we conclude that the trial court erred when it authorized the fiscal court to initiate its own code. Furthermore, when the fiscal court proposed and adopted its own code in January of 2004, we hold that the fiscal court violated KRS 67.710(2). Thus, the fiscal court's code was invalid. Since the code was invalid, the fiscal court's petition for writ of mandamus was not well taken and should have been dismissed by the trial court.

Having said this, we are not suggesting that the fiscal court is without recourse if, upon remand, Knight refuses to propose an administrative code. If Knight fails to perform his duty then he

> could be subjected to a mandatory injunction or mandamus action in circuit court where he fails to submit a proposed administrative code to fiscal court for approval.... Judge Stanley wrote for the court, in *Young v. Jefferson County Election Commission,* 304 Ky. 81, 200 S.W.2d 111 (1947) 114, [sic] that an action for mandamus or mandatory injunction may be brought against public officers to require them to perform a duty imposed by law. Likewise, a mandatory injunction or mandamus action could be brought against the other members of fiscal court in circuit court where the county judge/executive has submitted a proposed code, but the other members of fiscal court either fail to act upon the proposed code or repeatedly reject the proposals of the county judge/executive as to the proposed code and suggested revisions thereof. Such litiga-

tion, where necessary, may be conducted by the county attorney or by citizens as a class action for the taxpayers.

OAG 79–179. Once more, we find the Attorney General's reasoning to be sound and adopt his opinion as our own. Thus, it is clear that, in January of 2004, instead of proposing and adopting its own code, the fiscal court should have sought a writ of mandamus from the trial court seeking to force Knight to comply with KRS 67.710(2). So, upon remand, if Knight refuses to propose a code, then the fiscal court may seek mandamus. Conversely, if the fiscal court repeatedly refuses to adopt Knight's proposed code, then he may seek mandamus as well.

## CONCLUSION

The orders of the Todd Circuit Court entered on September 27, 2005, and entered on November 4, 2004, are reversed. This matter is remanded to the Todd Circuit Court, and the trial court is instructed to dismiss with prejudice the fiscal court's petition for writ of mandamus and for declaration of rights.

NICKELL, Judge, Concurs.

TAYLOR, Judge, Concurs and Files Separate Opinion.

TAYLOR, Judge, Concurring:

I agree completely with the majority's reasoning in reversing the trial court's final order in this action. However, I would reverse for an additional reason. I believe the trial court erred by failing to disqualify the Todd County Attorney in this proceeding.

Pursuant to KRS 67.040, the fiscal court consists of the county judge/executive and three county commissioners or magistrates

who are elected by the citizens of the county where they reside. There is no question that the county judge/executive is a member of the fiscal court. In this case, the Todd County Attorney provided legal advice and consultation with the county judge executive regarding his duties and responsibilities in proposing an administrative code for the county. The county attorney also provided legal advice to the other individual members of the fiscal court regarding this same issue. There can be no dispute that both the judge/executive and the other individual members of the fiscal court are clients of the Todd County Attorney as contemplated under SCR 3.130(1.7). Upon providing advice to both sides regarding the implementation of the administrative code for Todd County, I do not believe the Todd County Attorney can then take sides and represent one or the other in subsequent litigation regarding the implementation of the administrative code. This is a blatant ethical violation in my opinion.

Additionally, if the individual county commissioners for Todd County are entitled to receive the benefit of representation by the county attorney in a dispute regarding the administrative code, then I believe it would be appropriate for all legal expenses incurred by the county judge/executive to be paid by Todd County.